## 18641. CITY OF McCAYSVILLE v. TRI-STATE ELECTRIC COOPERATIVE.

CANDLER, Justice. 1. By article 7, section 1, paragraph 4 of the Constitution of 1945, all cooperative, non-profit, membership corporations organized under the laws of this State for the purpose of engaging in rural electrification, and the real and personal property owned or held by

these membership corporations for such purpose, are, until January 1, 1961, exempted from all taxation, State, county, municipal, school district, and political or territorial subdivisions of this State. Code (Ann.) § 2-5404. Under this provision of the Constitution and section 1 (d) of the enabling act which the legislature passed in 1946 (Ga. L. 1946, p. 12; Code, Ann. Supp., § 34A-130.1), a city cannot lawfully require such membership corporations to pay an annual revenue-producing license fee for the privilege of selling and distributing electric power to residential and commercial customers within the limits of the municipality; and this is true because a license fee of this character is a tax which the municipalities of this State are presently unauthorized to impose. See, in this connection, *City of Waycross* v. *Bell,* 169 *Ga.* 57, 60 (149 S. E. 641), and citations.

2. There is no merit in the contention that a cooperative, non-profit, membership corporation, which has been incorporated in a sister State for the purpose of engaging in rural electrification, and which has been subsequently domesticated in this State for the conduct of its corporate purpose here, is not entitled to the tax immunity mentioned in the preceding division of this opinion. After being duly domesticated in this State, such a corporation and its stockholders have the same powers, privileges, and immunities as a similar corporation created under the laws of this State, and it and its stockholders are subject to the same obligations, duties, liabilities, and disabilities as that of a corporation originally created in this State (Code § 22-1601; *Head* v. *Rich,* 190 *Ga.* 680, 10 S. E. 2d 183); and no attack is here made upon the validity of the statute so providing. To construe the referred-to tax immunity provision of our Constitution differently and so as to make it applicable only to those cooperative, non-profit, membership corporations which have been incorporated under the laws of this State for the purpose of engaging in rural electrification, and so as to deny its application to a like membership corporation when incorporated in another State and duly domesticated in this State for the purpose of engaging in rural electrification here, would be offensive to those provisions of our Constitution which require impartial and complete protection to person and property (Code, Ann., § 2-102), and that all taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax (Code, Ann., § 2-5403); and also offensive to that provision of the Fourteenth Amendment to the Constitution of the United States which declares that no State shall deny to any. person within its jurisdiction the equal protection of the laws. Code § 1-815; Hanover Insurance Co. *v.* Harding, 272 U. S. 494 (5) (47 Sup. Ct. 179, 71 L. ed. 372, 49 A. L. R. 713). See, in this connection, *Redwine* v. *Southern Co.,* 206 *Ga.* 377 (57 S. E. 2d 194), and citations.

3. Since we have ruled upon and disposed of the controlling question in this case, it is not necessary to deal with other collateral questions posed by the record. Accordingly, we find no reversible error.

*Judgment affirmed. All the Justices concur, except Head, J., who dissents.*

SUBMITTED JULY 12, 1954—DECIDED SEPTEMBER 13, 1954.

*A. J. Martin, A. J. Henderson,* for plaintiff in error.
*Butt & Spence, William Butt, Herman J. Spence,* contra.