21293.   SMITH v. STATE OF GEORGIA, by HAYES,
Solicitor-General, *et al.*

ARGUED JUNE 13, 1961—DECIDED JULY 6, 1961.

*J. C. Murphy,* for plaintiff in error.
*Kelley & Mobley, Sumter Kelley, John H. Mobley, Bennett, Pedrick & Bennett, John W. Bennett, Dewey Hayes, Solicitor-General, Q. L. Garrett, Joe Screiber, Eugene Cook, Attorney-Gen-*

*eral, Ariel V. Conlin, Assistant Attorney-General, Sheldon C. Dorough, Deputy Assistant Attorney-General,* contra.

*W. L. Stone, Crenshaw, Hansell, Ware, Brandon & Dorsey, C. Edward Hansell,* for party at interest.

CANDLER, Justice. Article 7, Section 6, Paragraphs 1 and 2, of the Constitution of 1877 were amended in 1938 so as to authorize Ware County and the City of Waycross to levy a tax, in addition to those each was then authorized to levy, not to exceed one mill on all of the taxable property in that city and county, for the purpose of acquiring and creating a fund to be set aside and used exclusively by each in assisting, promoting, and encouraging the location of new industries in the City of Waycross or elsewhere in Ware County (Ga. L. 1937, pp. 1129 and 1131). These two amendments were carried forward into the Constitution of 1945 *(Code Ann.* § 2-6301). The General Assembly in 1953 adopted a resolution proposing an amendment to Article 5 of the Constitution of 1945 (Ga. L. 1953, Nov.-Dec. Sess., p. 266). In part, Section 1 of the resolution provides: "That Article V of the Constitution of the State of Georgia is hereby amended by adding to the end thereof a new section and paragraph to be known as Section VIII, Paragraph I, which shall read as follows: . . . There is hereby created a body corporate and politic to be known as the 'Waycross and Ware County Development Authority' which shall be deemed to be an instrumentality of the State of Georgia and a public corporation, its scope and jurisdiction to be limited to the territory embraced by Ware County and the corporate limits of the City of Waycross. The County of Ware and the City of Waycross may contract with the Authority as a public corporation as provided by the Constitution of Georgia." The resolution also provides that the Authority shall consist of eight members who shall have such control, duties, powers, and authority as it confers on it and as may be prescribed or provided for by the General Assembly of Georgia, and such additional powers as may be delegated to it by Ware County and the City of Waycross; that the members of the Authority shall be residents of Ware County within or without the corporate limits of the City of Waycross; that the General Assembly shall provide for the ap-

pointment of the Authority's members; that all lands and improvements thereon title to which is vested in the Authority, and all debentures and revenue-anticipation certificates issued by the Authority shall be exempt from State and local taxation; that the Authority is created for the purpose of developing and promoting for the public good and general welfare industry, agriculture, commerce, natural resources and vocational training, and the making of long-range plans for the co-ordination of such development, promotion, and expansion within its territorial limits; that the Authority shall not be empowered or authorized in any manner to create a debt against the State of Georgia, the County of Ware, or the City of Waycross; that it is created for non-profit purposes; and that all property acquired by it and any funds realized by it shall be used continually and exclusively for the purposes for which it is created. Section 2 of the resolution authorizes and instructs the Governor to cause such proposed amendment to be published as provided in Article 13, Section 1, Paragraph 1, of the Constitution of 1945 as amended (*Code* § 2-8101), for two months previous to the time of the general election, at which the proposed amendment shall be submitted to the electors for ratification as provided for in that paragraph of the Constitution; and Section 2 of the resolution also provides that, if a majority of the electors qualified to vote for members of the General Assembly voting thereon in Ware County and also a majority of the electors voting thereon in the City of Waycross shall vote for ratification of the amendment, it shall become a part of the Constitution of Georgia when the Governor issues a proclamation to that effect. When this amendment was submitted to the qualified voters of the City of Waycross and of Ware County for ratification, Article 13, Section 1, Paragraph 1 of the Constitution of 1945 (*Code* § 2-8101) had been previously amended by adding thereto the following words: "Provided, however, that proposed amendments to the Constitution which only affect or apply to one or more counties, or one or more municipalities, shall only be submitted to the voters of the county or counties or to the voters of the municipality or municipalities, which the proposed amendment affects or applies. If the amendment affects more than one

county or more than one municipality, the total vote of the area shall be consolidated and a majority of the whole vote shall be required as a condition precedent to ratification. . ." (Ga. L. 1961, p. 681).

The proposed amendment was submitted for ratification to the qualified voters of Ware County and also to the qualified voters of the City of Waycross at the general election held in 1954, and the record shows that 2,685 voted in favor of its ratification and 431 voted against its ratification; that a majority of the votes so cast both in Ware County and in the City of Waycross were in favor of ratifying the proposed amendment; and that the Governor subsequently issued a proclamation declaring it to be a part of the Constitution of 1945, and no contention is here made that the proposed amendment was not legally ratified if it affects or applies only to the City of Waycross and Ware County. But as to proper ratification, see *Cartledge v. City Council of Augusta*, 189 Ga. 267, 269 (5 SE2d 661).

In 1955, the General Assembly passed an act captioned: "An act to create the Waycross and Ware County Development Authority; to provide the purpose, duties, control, organization and powers of said Authority; to provide for issuing revenue-anticipation certificates and for the validation of such certificates; to repeal conflicting laws; and for other purposes." Ga. L. 1955, p. 2840. This act was introduced and passed as a local or special bill, and in compliance with the provisions of Article 3, Section 7, Paragraph 15 of the Constitution of 1945 (*Code* § 2-1915). Section 6 (1) of the act authorizes the Authority to issue revenue-anticipation certificates for the purpose of paying all or any part of the cost of any project of the Authority, and provides that the revenue-anticipation certificates which it is authorized to issue must be issued and validated under and in accordance with the applicable provisions of the Revenue Certificate Law of 1937 (Ga. L. 1937, pp. 761-774), as subsequently amended in 1939 (Ga. L. 1939, p. 362). Section 7 of the act exempts from State and local taxation all lands and improvements and personal property the title to which is vested in the Authority, and all debentures, notes, bonds, and revenue-an-

ticipation certificates issued by it. The legislature in 1957 (Ga. L. 1957, p. 36) passed an act substituting the words "revenue bonds" for the words "revenue-anticipation certificates" whereever the latter words appear in the Revenue Certificate Law of 1937, as amended in 1939. On March 27, 1961, and pursuant to the procedure provisions of the Revenue Certificate Law of 1937 as amended in 1939, the State of Georgia, acting through the Solicitor-General of the Waycross Judicial Circuit, filed a petition in the Superior Court of Ware County against the Waycross and Ware County Development Authority, the City of Waycross, and Ware County, to validate and confirm Series 1961 revenue bonds in the principal amount of $115,000, which the Authority desired to issue and sell for the purpose of providing funds to pay the purchase price in whole or in part for certain realty in the City of Waycross and for the purpose of paying in whole or in part the cost of constructing thereon and equipping an industrial, manufacturing and commercial facility for lease or rent to Waycross Sportswear, Inc., including the usual and related appurtenances useful in connection therewith and for the purpose of paying costs and expenses incident to the financing of such project. The petition also alleges that the Authority, the City of Waycross, and Ware County entered into a contract on September 13, 1960, which terminates on January 1, 1976, whereby the City and County agreed that each would continue to levy an annual tax not to exceed one mill on all taxable property located within its respective territorial limits, as it had constitutional authority to do, and each would from such tax funds pay the Authority for the use of its authorized services in developing and promoting a new industry to be located in the City of Waycross, $8,400 in the year 1961, $7,200 in each of the years 1962, and 1963, and $6,000 in each of the years 1964 to 1975, inclusive, which amounts the Authority would use for the purpose of making annual payments on the principal and interest of its Series 1961 revenue bonds and for the purpose of paying necessary operating expenses of the Authority during such contract period. There is a prayer that the contract be decreed to be a valid and binding obligation between the parties. The record also shows that the Authority on May 23, 1960, en-

tered into a contract with Waycross Sportswear, Inc., a Georgia corporation, for a period of 15 years by the terms of which the Authority agreed to purchase and lease to Sportswear a described lot of land in the City of Waycross, and to erect and equip a building on it containing 20,000 square feet suitable for lessee's use as a manufacturing plant, and Sportswear agreed: (1) to lease or rent the lot and building for a period of 15 years at a monthly rental of $1,053.18, (2) it would at its expense maintain the property for all normal repairs and upkeep, and (3) it would use the building for a garment manufacturing plant and employ the maximum number of people for a building of such size, consistent with seasonable requirements. There is also a prayer that such contract be decreed to be a valid and binding obligation between the parties.

The defendants by their answers admitted the allegations of the petition and prayed that the prayers thereof be granted. Henry Smith, as a citizen and taxpayer of the City of Waycross and of Ware County, presented and had allowed by order of the court an intervention in his own behalf, and in behalf of all others similarly situated, objecting to validation of the Authority's Series 1961 revenue bonds, to a judgment declaring the two aforementaioned contracts valid and binding obligations between the parties thereto; and to any and all other relief sought by the petitioner. His intervention alleges several different reasons why the prayers of the petition should not be granted, and each of those objections will be dealt with in the rulings we will hereinafter make. It was stipulated by the parties that the intervention raised only questions of law and no issue of fact. After a hearing, the prayers of the petition were granted, and the exception is to that judgment.

■ The intervenor contends that the proposed amendment to Article 5 of the Constitution of 1945 never became a part of that instrument since it directly affects or applies to the State as a whole, and was submitted for ratification only to the qualified voters of the City of Waycross and of Ware County. This contention is predicated on the proposition that the amendment created a public corporation which is deemed to be an instrumentality of the State, and also on that provision of the amend-

ment which expressly exempts the property of the Authority and the debentures and revenue bonds it issues from State taxation. Respecting the first position, it was held in *State of Ga. v. Regents of University System*, 179 Ga. 210 (175 SE 567) and in *Sheffield v. State School Building Authority*, 208 Ga. 575 (68 SE2d 590), that a public corporation having the character of the one here involved is not the State, nor a part of the State nor an agency of the State, but is a mere creature of the State. This being true and since the scope and jurisdiction of the Authority are expressly restricted to the territorial limits of the City of Waycross and of Ware County, it does not for this alleged reason directly affect or apply to the State as a whole, and it was therefore not necessary for the amendment to be submitted for ratification to all of the qualified voters of the State.

The intervenor's other contention is also without merit; and this is so since the General Assembly in 1946, pursuant to the provisions of Article 7, Section 1, Paragraph 4 of the Constitution of 1945 (*Code* § 2-5404), passed an act (Ga. L. 1946, p. 12) which exempts from taxation "all institutions of purely public charity; . . . provided the property so exempted be not used for the purpose of private or corporate profit and income, distributable to shareholders in corporations owning such property or to other owners of such property, and any income from such property is used exclusively for religious, educational and charitable purposes, or for either one or more of such purposes and for the purpose of maintaining and operating such institution." When thus tested, we hold that the Authority here involved is an institution of purely public charity, and when the amendment creating it was adopted by the required number of the qualified voters of the City of Waycross and of Ware County, it was settled in this State beyond any question of doubt by the rulings of this court in *Williamson v. Housing Authority of Augusta*, 186 Ga. 673, 691 (199 SE 43); *Elder v. Henrietta Egleston Hospital*, 205 Ga. 489 (53 SE 751); *Sheffield v. State School Building Authority*, supra; *McLucas v. State Bridge Building Authority*, 210 Ga. 1 (77 SE2d 531); *State of Ga. v. Georgia Rural Roads Authority*, 211 Ga. 808 (89 SE2d 204); and since then by the holding in *Sigman v. Brunswick Port Authority*,

214 Ga. 332 (104 SE2d 467), that its property and all debentures and revenue bonds issued by it were exempt from all State and local taxation. Hence, the inclusion of the tax-exemption provision in the amendment creating this Authority was wholly unnecessary to accomplish that result; it added nothing to the law as it then existed. This being true, the amendment did not for that reason directly affect or apply to the State as a whole, and it was therefore not necessary, as the intervenor contends, that it be submitted for ratification to all of the qualified voters of the State.

■ The 1953 amendment to the Constitution of 1945 and the act which the General Assembly passed pursuant thereto in 1955 (Ga. L. 1955, p. 2840) created the Waycross and Ware County Development Authority for the purpose of developing and promoting for the public good and general welfare industry, agriculture, commerce, natural resources and vocational training, and the making of long-range plans for the co-ordination of such development, promotion, and expansion, within its territorial limits. Section 1 of the amendment provides in part that the Authority, as a constitutional corporation, "shall consist of eight members who shall have such control, duties, powers and authority as are hereby conferred and as may be prescribed or provided for by the General Assembly of Georgia, and such additional powers as may be delegated to the Authority by the County of Ware and the City of Waycross." Section 6 of the enabling act which the General Assembly passed in 1955 expressly authorizes the Authority to erect and equip buildings on lands owned or leased by it, to issue and sell revenue bonds for the purpose of raising funds needed, in whole or in part, in paying for the cost of such a project, and to rent or lease its project for a use which will accomplish any one or more of the purposes for which the Authority was created. Such revenue bonds to be issued by the Authority and validated under and in accordance with the applicable provisions of the revenue-certificate law of 1937 as amended in 1939. It is alleged in the intervention that the referred-to portion of the act of 1955 is null and void because it offends Article 7, Section 7, Paragraph 5 of the Constitution of 1945 (*Code Ann.* § 2-6005), which enumerates the projects or facilities which may be financed with funds de-

rived from the issuance and sale of revenue bonds. This position is untenable. Developing and promoting for the public good and general welfare industry within Ware County was one of the constitutional purposes for which the Authority was created, and the amendment expressly provides that it may have such powers and authority as are conferred upon it by the General Assembly, and the amendment itself emphatically declares that all debentures and revenue bonds issued by it for the purpose of financing any one or more of its authorized projects shall be exempt from State and local taxation. *Beazley v. DeKalb County*, 210 Ga. 41 (77 SE2d 740) and *Tippins v. Cobb County Parking Authority*, 213 Ga. 685 (100 SE2d 893), relied upon by the plaintiff in error are neither in point nor controlling. The projects there involved, which were to be financed by revenue bonds were not authorized, as here, by the Constitution, and the issuance and sale of revenue bonds for the purpose of financing them were clearly unauthorized by Article 7, Section 7, Paragraph 5 of the Constitution of 1945; but the 1954 amendment to the Constitution and the act passed pursuant thereto in 1955 require a different ruling in the instant case.

■ The contract which the City of Waycross and Ware County made with the Authority on September 23, 1960, and which by its terms ends on January 1, 1976, is not illegal for any reason alleged in the intervention. The amounts which the city and county thereby agreed to pay the Authority annually were payable from tax funds which the 1938 amendments to the Constitution of 1877,—carried forward into the Constitution of 1945— authorized them to levy and collect for the purpose of acquiring and creating a fund to be set aside and used exclusively by each in assisting, promoting, and encouraging the location of new industries in the City of Waycross or elsewhere in Ware County. Article 7, Section 6, Paragraph 1 (a) of the Constitution of 1945 (*Code Ann.* § 2-5901) provides: "The State, state institutions, any city, town, municipality or county of this State may contract for any period not exceeding fifty years, with each other or with any public agency, public corporation or authority now or hereafter created for the use by such subdivisions or the residents thereof of any facilities or services of the State, state institutions, any city, town, municipality,

county, public agency, public corporation or authority, provided such contracts shall deal with such activities and transactions as such subdivisions are by law authorized to undertake." And Section 1 of the constitutional amendment here involved, and Section 4 of the 1955 enabling act which was passed pursuant to the provisions thereof, also expressly authorize the City of Waycross and Ware County to enter into contracts with this particular Authority as a public corporation, section 6 (c) of such act also authorizes and empowers this Authority to enter into contracts with the City of Waycross and Ware County, and by the terms of such contract the Authority obligated itself to perform those services for the City of Waycross and Ware County which such city and county were authorized to perform under the 1938 amendments to the Constitution of 1877 as carried forward into the Constitution of 1945.

(a)   And since the City of Waycross had ample constitutional power to contract with the Authority for the use of its services in performing an activity or transaction which the city itself was authorized to undertake, there is clearly no merit in the contention that the contract, insofar as the city is concerned, is ultra vires and void because it is prohibited by *Code* § 69-202, which provides that one council may not by ordinance bind itself or its successors so as to prevent free legislation in matters of municipal government.

■   The lease or rental contract which the Waycross and Ware County Development Authority entered into with Sportswear, Inc., a Georgia corporation, on May 23, 1960, for a period of 15 years from the date thereof, is not illegal for any reason alleged in the intervention. Section 6 (f) of the 1955 enabling act expressly authorizes and empowers the Authority, among other things, to make leases and rental contracts with respect to the use of projects which it erects or acquires; and, as previously pointed out, the constitutional amendment which created the Authority expressly provides that it shall have such powers and authority as may be prescribed or provided for it by the General Assembly of Georgia.

■   We conclude and hold that the judgment complained of is not erroneous for any reason alleged in the intervention.

*Judgment affirmed.   All the Justices concur.*