23584. SMITH et al. v. STATE OF GEORGIA et al.

Argued July 11, 1966—Decided September 8, 1966— Rehearing denied September 22 and October 6, 1966.

*Smith & Harrington, Will Ed Smith,* for appellants.

*Albert D. Mullis, Solicitor General, Billy W. Walker, E. Herman Warnock, Warnock & Rawlins, King & Spalding, Pope B. McIntire,* for appellees.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Alston, Miller & Gaines, Gambrell & Mobley,* for parties at interest not parties to record.

MOBLEY, Justice. The appeal is from a judgment of the Telfair Superior Court confirming and validating an issue of Industrial Revenue Bonds to be issued by Telfair County, over objections filed to the petition to validate by appellants, citizens and taxpayers of Telfair County. The county proposes to issue the bonds pursuant to a local constitutional amendment (Ga. L. 1960, p. 1400) to Art. VII, Sec. VII, Par. V (*Code Ann.* § 2-6005) of the Constitution of 1945 proposed by the General Assembly and ratified by the voters of Telfair County. The amendment provides as follows: ". . . that revenue anticipation obligations herein called revenue bonds may be issued by Telfair County herein called the issuer, to provide funds for the purchase, construction, enlargement, or either of facilities, including land, buildings, appurtenances, machinery and equipment, suitable for use by (a) any industry for manufacturing, processing, or assembling any agricultural or manufactured products or (b) any commercial enterprise in storing, warehousing, distributing or selling products of agriculture, mining, and industry, or combination thereof. Such facilities may be leased or sold by the issuer to such industry or commercial enterprise upon such terms as may be agreed upon, subject to the lien of the revenue bonds upon the revenue of the facilities involved. No sale shall be completed and title to the facility shall remain in the issuer until all revenue bonds outstanding secured by the revenue of such undertaking shall have been paid in full.

"The revenue bonds shall be payable, as to principal and interest, only from revenue received from such undertaking, and shall not be deemed debts of, or create debts against the issuer within the meaning of this Constitution; and the issuer shall not exercise the power of taxation for the purpose of paying the principal or interest of the revenue bonds or any part thereof. Such revenue bonds, their transfer the income therefrom, the security therefor, and until the payment in full of the obligation such facilities shall at all times be exempt from taxation

from within the State. Bonds may be issued bearing rate or rates of interest and maturing at the years and amounts determined by the governing body of the issuer and when so authorized the procedure of validation, issuance and delivery shall be in all respects in accordance with the Revenue Bond Law (Ga. L. 1937, p. 761) as amended, Code. Ann. Supp. Chapter 87-8, as if said obligation had been originally authorized to be issued thereunder. Upon the adoption of this amendment the issuer may proceed to comply with the provisions hereof immediately without any further action on the part of the General Assembly." It further provides that the amendment be submitted to the voters of Telfair County for ratification or rejection.

■ Appellant contends that this amendment violates the due process and the equal protection clauses of the Fourteenth Amendment to the Constitution of the United States on the ground that "it fails to limit the issuance of bonds to situations in which increased employment, or other public purpose would result from the issuance of such bonds," and contends that this case, as distinguished from others decided by this court approving revenue anticipation certificates or bonds, "involves primarily the power of a county to finance private business enterprise, as described, for private purposes only, with no stated public purpose." The parties agree that the bonds must be issued for a public purpose. This court so held in *Beazley v. DeKalb County*, 210 Ga. 41 (4) (77 SE2d 740). It is not necessary for the amendment to state that the bonds may or must be issued for a "public purpose," if, in fact, the purpose for which the amendment authorizes the bonds to be issued is a public purpose. What constitutes a public use or purpose under the Constitution of Georgia is a question which must be decided by the courts of this state. *Housing Authority of the City of Atlanta v. Johnson*, 209 Ga. 560, 563 (74 SE2d 891). In deciding whether it is a public use under the Federal Constitution, the Supreme Court of the United States, while recognizing its authority to determine whether state legislation violates the Federal Constitution, has generally left to the state courts wide latitude in determining what is a "public use." *Housing Authority of the City of At-*

*lanta v. Johnson,* supra; Hairston v. Danville & Western R. Co., 208 U. S. 598 (28 SC 331, 52 LE 637): Thus, the issue for decision by this court is whether or not the activities such as are proposed in this case are for a legitimate public purpose; or specifically: is the issuance of revenue bonds by Telfair County to finance the construction of a plant for lease to private industry a public use?

Appellants concede that the relief of unemployment is a public purpose; in fact, the Supreme Court of the United States so held in Carmichael v. Southern Coal Co., 301 U. S. 495 (11) (57 SC 868, 81 LE 1245). But appellants emphasize that this amendment does not limit the activities of the county in furnishing facilities to private enterprise solely on those occasions to relieve unemployment, or for any other public purpose, with which conclusion we agree. This amendment would permit the county to issue bonds for a purely private purpose; for example, to secure funds to construct a building or plant to be leased to and occupied by an already existing and operating business with a perfectly adequate building which would perform the same functions, employ the same number of people, and add nothing in the way of industry, or alleviate unemployment, or otherwise contribute to the public good. The amendment does not, as do the amendments upon which *Smith v. State,* 217 Ga. 94 (121 SE2d 113) was decided, and upon which appellees rely, limit its assistance to "assisting, promoting, and encouraging and locating new industries in the county" (Ga. L. 1937, pp. 1129, 1131) nor does it create an Authority as did the amendment (Ga. L. 1953, Nov. Sess., p. 266) "for the purpose of the developing and promoting for the public good and general welfare industry, agriculture, commerce, natural resources, and vocational training, and the making of long range plans for the co-ordination of such development, promotion, and expansion within its territorial limits." This amendment does not, as appellees argue, provide for the promotion and development of new industry in the county. New industry might be developed, but there is nothing in the Act which requires that the funds be used for development of new industry, or to relieve unemployment, or to provide new jobs so that its citizens may be furnished employment and not

556

be forced to leave the county to find employment, or for any other public purpose.

The Telfair County amendment authorizes the issuance of bonds by the county to provide funds for the purchase or construction of facilities suitable for use by (a) any industry for manufacturing, etc., or (b) any commercial enterprise in storing, warehousing, distributing, or selling products of agriculture, mining, and industry, or any combination thereof. Obviously, this amendment authorizes Telfair County to issue bonds to derive funds to construct buildings for lease to private industry for private purposes without regard to public use, the public good, or the general welfare of the county. This court has never held that such is constitutional, nor do appellees contend that the county can use public funds for private purposes, their contention being that the funds derived from the bonds under the Act, when used to construct or buy buildings for lease to private industry, would be for a public purpose. However, they overlook the fact that there is no requirement in the amendment that the buildings be used for a public purpose.

The amendment provides that the "bonds, their transfer income therefrom, the security therefor, and until payment in full of the obligations the facilities shall at all times be exempt from tax within this State." Under the scheme, title to the property will be in Telfair County and exempt from ad valorem taxes. The interest on the bonds is exempt from federal income taxes, and the amendment specifically exempts the income from state income taxes. The materials used by the county in construction of the building, if the county constructed it, would be exempt from sales taxes.

"The discrimination in taxation which the equal protection clauses forbid is the failure of the taxing authorities to tax all like property which is subject to taxation equally *or to tax the property of one owner and exempt like property belonging to another owner.*" *Delta Air Lines v. Coleman,* 219 Ga. 12, 19 (131 SE2d 768). See also *City of McCaysville v. Tri-State Elec. Co-op.,* 211 Ga. 5 (2) (83 SE2d 598) ; *Redwine v. The Southern Co.,* 206 Ga. 377 (3) (57 SE2d 194) ; Hanover Ins. Co. v. Harding, 272 U. S. 494, 498 (47 SC 179, 71 LE 372). "Under the

14th Amendment the State taxing power can be exerted only to effect a public purpose and does not embrace the raising of revenue for private purposes." Carmichael v. Southern Coal Co., 301 U. S. 495, supra, Division 7. While these are self-liquidating bonds, some tax moneys will be spent in connection with the issue and handling thereof.

Since the constitutional amendment authorizes issuance of the bonds for a private purpose, rather than a public purpose, the exemption of the private industry from taxes, while requiring plaintiffs and other private industries in the county to pay said taxes, would constitute taking of the property of plaintiffs and other taxpayers of Telfair County who are engaged in private business, without due process of law and would deny them equal protection of the law in violation of the Federal Constitution. Thus, the constitutional amendment (Ga. L. 1960, p. 1400) to Art. VII, Sec. VII, Par. V (*Code Ann.* § 2-6005) is in violation of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

The trial court erred in rendering judgment validating the bonds.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Candler, P. J., who dissent.*

DUCKWORTH, Chief Justice, dissenting. If sound rules of construction would allow this amendment to be divorced and isolated from the Constitution of which it is expressly made a part, as the majority, I believe, has done, then the construction given it when thus standing alone is undoubtedly correct. But such mutilation is contrary to established rules of construction. Sound construction demands that this amendment be construed in pari materia with each and every other provision of the whole Constitution as thus amended. This at once presents the uniformity and classification of property clause of the Constitution ·(*Code Ann.* § 2-5403; Const. of 1945) which requires that taxation be uniform upon each class of property, and this amendment should not be construed to exempt any part of the property of a class subjected to tax, unless its terms expressly and positively demand such a construction. Then paragraphs 4 and 5 which follow the classification paragraph (*Code Ann.*

§§ 2-5404, 2-5405; Const. of 1945) specify the classes of property that the legislature may exempt, and private property used for private purposes is not included therein, nor does this amendment even purport to amend either by adding thereto. Since the intent is a controlling guide of construction, does not the fact that there is not even an intimation of an intent to amend these sections compel the construction that the intent of this amendment was to be in harmony therewith?

Since *Code Ann.* § 2-5404, supra, allows exemptions of all institutions of purely public charity, and we held in *Smith v. State of Ga.,* 217 Ga. 94 (121 SE2d 113), that properties there identical in purpose with properties here were public, hence public charity and therefore properly exempt from taxation, I believe it the duty of this court to construe this amendment to refer only to property used for a public purpose, hence public charity, and hence exempt, but that there is neither an express nor implied exemption of private property used for private purposes, and thus harmonize all parts of the Constitution and render this amendment valid. Indeed courts are bound to adopt a construction, if possible, that will render it valid rather than one that invalidates it.

While courts should never be influenced by what may be good or bad for the state, yet judges, as citizens of Georgia, who are aware of conditions in this state, can not overlook the overwhelming need for means of improving the economic conditions of rural Georgia and should be doubly sure that means such as this are irreconcilable with the overworked Fourteenth Amendment before striking them down and thus defeating such worthy efforts. I would hold the amendment valid and affirm the judgment.

I am authorized to state that Mr. Presiding Justice Candler concurs in this dissent.

CANDLER, Presiding Justice, dissenting. I dissent because I am of the opinion that the full bench decision of this court in *Smith v. State of Ga.,* 217 Ga. 94 (121 SE2d 113) requires an affirmance of the trial court's judgment.