27156.   CAMP v. METROPOLITAN ATLANTA RAPID
TRANSIT AUTHORITY et al.

ARGUED MARCH 15, 1972—DECIDED APRIL 6, 1972—
REHEARING DENIED APRIL 20, 1972.

Ben J. Camp, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, H. Perry Michael, Timothy J. Sweeney, Assistant Attorneys General, Robert G. Young, W. Stell Huie, Huie & Harland, Joe G. Davis, Jr., Webb, Parker, Young & Ferguson, John Tye Ferguson,* for appellees.

*Henry M. Henderson,* amicus curiae.

MOBLEY, Chief Justice. The complaint of Ben J. Camp, as a citizen and taxpayer of Fulton County, against Metropolitan Atlanta Rapid Transit Authority (MARTA), the State

Revenue Commissioner, and the Commissioners of Fulton County, sought a declaration that the Act, as amended, creating MARTA, and particularly § 25 thereof, are unconstitutional and void; that the Public Transportation of Passengers for Hire Amendment to the Constitution of Georgia was improperly ratified and void; and that portions of the MARTA contract and the Sales and Use Tax Resolution are illegal and void. Injunction was prayed against the collection of the 1% sales tax in Fulton County, levied pursuant to the MARTA Act.

At the hearing of the application for temporary restraining order, the trial judge found that there was no merit in the attacks made. Injunctive relief was denied, the motions to dismiss sustained, and the complaint dismissed. The appeal is from this judgment.

1. In 1964 the General Assembly proposed an Amendment to the Constitution providing in the first paragraph that: "The acquisition, establishment, operation or administration of a system of public transportation of passengers for hire within the metropolitan area of the City of Atlanta and the Counties of Fulton, DeKalb, Cobb, Clayton and Gwinnett, is an essential governmental function and a public purpose for which the powers of taxation and eminent domain may be exercised and public funds of said counties and municipality expended." Ga. L. 1964, pp. 1008, 1009. This Amendment was ratified by the voters of the City of Atlanta and the counties named, and became Art. XVII, Sec. I, Pars. I-V of the Constitution (*Code Ann.* §§ 2-8601—2-8605).

At the time of the passage and approval of this Amendment, the requirement in regard to the submission of Constitutional Amendments to the voters was that proposed by Ga. L. 1956, pp. 637-640. (The present requirement was proposed by Ga. L. 1968, pp. 1576-1579. Constitution, Art. XIII, Sec. I, Par. I; *Code Ann.* § 2-8101). The requirement in effect at the time of the passage and approval of the Public Transportation of Passengers for Hire Amendment provided that the Governor, the Attorney General, and the Secretary of State should meet and determine whether a proposed

amendment is general, and if such proposed amendment is not general, it should be advertised only in the counties in which the political subdivision or subdivisions directly affected are located, and be submitted only to the voters of the political subdivision or subdivisions directly affected.

It is asserted by the taxpayer that the Public Transportation of Passengers for Hire Amendment was not properly ratified, and thus null and void, because the Governor, the Attorney General, and the Secretary of State improperly determined that the Amendment was not general. It is contended that the Amendment is general because in Paragraph III it is provided that the Gerneral Assembly may exempt from taxation the public corporation authorized to be created by the Amendment, "its property, acts, activities, income and obligations and the interest thereon, . . ."

The Amendment does not directly affect the State as a whole. *McCullers v. Williamson*, 221 Ga. 358 (2) (144 SE2d 911). Because of the nature of the Authority authorized to be created by the Amendment, its property and any obligations issued by it are removed from the prohibition against exemptions of property from taxation in the Constitution, Art. VII, Sec. I, Par. IV (*Code Ann.* § 2-5404). *Smith v. State of Ga.*, 217 Ga. 94 (1) (121 SE2d 113). As to the exemption from an income tax, this court has previously held that the General Assembly can make reasonable exemptions from income tax. *Featherstone v. Norman*, 170 Ga. 370 (2b) (153 SE 58, 70 ALR 449). The authorization to the General Assembly to grant tax exemptions to the Authority added nothing to the law already in existence.

It was proper to submit the issue of ratification of the Amendment only to the voters of the City of Atlanta and counties named in the Amendment, and it was not improperly ratified as claimed by the taxpayer.

2. It is contended that the Act creating MARTA (Ga. L. 1965, pp. 2243-2279, as amended by Ga. L. 1966, pp. 3264-3266; Ga. L. 1971, pp. 2082-2091; and Ga. L. 1971, pp. 2092-2111), violates Art. III, Sec. VII, Par. VIII of the Constitution of Georgia (*Code Ann.* § 2-1908), which provides:

"No law shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof." It is asserted that the MARTA Act, as amended, contains several subject matters, among which are: the creation and authority for MARTA, the imposition of a financing system, the establishment of a multi-county taxing system, and the establishment and operation of a multi-county rapid rail and rapid bus system, none of which are listed or described in the caption of the MARTA Act and its various amendments.

This paragraph of the Constitution (*Code Ann.* § 2-1908) was designed for two purposes, the prevention of surreptitious legislation typified by the ill-famed "Yazoo Fraud"; and the prevention of "omnibus" bills combining many matters, adverse in their nature, with the view of combining in their favor the advocates of all and thus securing the passage of several measures no one of which could succeed upon its own merits. *Central of Ga. R. Co. v. State of Ga.,* 104 Ga. 831, 846 (31 SE 531, 42 LRA 518); *Cady v. Jardin,* 185 Ga. 9, 10 (193 SE 869).

The Act creating MARTA, and all of the amendatory Acts, deal with only one subject matter, a rapid transportation system for the metropolitan Atlanta area. Many provisions are made for the creation and development of this system, but they all relate to the one main subject matter, and there is no merit in the contention that the Constitutional inhibition against the combining of more than one subject matter in an Act is violated.

In regard to the contention that the body of the MARTA Act, as amended, contains matter different from that expressed in the title, we consider the title of the original Act and the titles of all the amendatory Acts. *Holland v. State,* 155 Ga. 795, 798 (118 SE 203).

The taxpayer contends that no notice is given of the imposition of a financing system. The Act of 1965, p. 2243, states in the caption that the Act is "to provide for fares, rates, rentals and charges; to provide for revenue bonds; ..." The 1971 amending Act, p. 2082, provides in the cap-

tion that the 1965 Act, as amended in 1966, is amended "so as to authorize certain local governments to levy a retail sales and use tax under certain circumstances; to provide the rate therefor; . . ." These statements in the captions of the 1965 Act, and 1971 amending Act, amply put the legislators on notice that the Acts deal with "the imposition of a financing system."

The taxpayer argues that the creation of a multi-county taxing system and multi-county rapid rail and rapid bus system is hidden under the guise of a rapid transit system, and that there is no reference to the multi-county structure in any of the titles.

The Metropolitan Atlanta Rapid Transit Authority is not a combination of governments, but is one Authority contracting with governmental units. The caption of the 1971 amending Act, p. 2092, plainly gives notice that the Authority will contract with various governmental units in the following language: "to indicate which public bodies said Authority may contract with pertaining to its purposes; to authorize local governments to pay operational subsidies and to contract with said Authority relative thereto; . . . to permit local governments to waive the requirement that revenue bonds of the Authority be sold at par and at public competitive bidding; . . . to modify the procedures whereby local governments and other public bodies may participate in financing and supporting a rapid transit system; . . ."

There is no merit in the contention that the captions of the Act creating MARTA, and the amendatory Acts, do not give notice of the matters stated by the taxpayer.

3. The taxpayer contends that the sales and use tax levied by the Fulton County Commissioners, and to be collected by the State Revenue Commissioner for the benefit of MARTA, pursuant to § 25 of the MARTA Act, as amended (Ga. L. 1971, p. 2082), violates Art. I, Sec. I, Par. II of the Georgia Constitution (*Code Ann.* § 2-102) and the equal protection clause of the Federal Constitution, "for the reason the tax imposes an unequal tax burden and unfairly discriminates against nonresidents of Fulton County who pay

the tax while doing business in Fulton County, but do not receive the benefit of the rapid transit system for which the tax is levied."

In Berman v. City and County of Denver, 156 Col. 538, 543 (400 P2d 434), the Supreme Court of Colorado had under consideration the validity of a sales and use tax imposed by ordinance of the city, and it was stated in part: "The arguments of plaintiff relating to the fact that visitors or transients are unjustly required to pay the tax carries no substance and is not persuasive. These visitors are within the city when purchases are made by them and are subject to all the valid ordinances of the city governing their conduct and fixing their responsibilities. All the facilities and services of the city which are available to permanent residents are equally available to the visitors, and they cannot complain that they are required to contribute to the cost of supplying those facilities and service."

This language by the Supreme Court of Colorado expresses a principle applicable in the present case. The Federal and State Constitutions require an equal assessment of taxes, but there is no requirement that the persons paying the taxes receive equal benefits from the facilities for which the taxes are used. None of the cases cited by the taxpayer support the contention made by him.

There is no merit in these constitutional attacks on § 25 of the MARTA Act, as amended.

4. The taxpayer asserts that § 25 (i) of the MARTA Act, as amended (Ga. L. 1971, pp. 2082, 2085), is unconstitutional, in violation of Art. VII, Sec. IV, Par. II of the Georgia Constitution (*Code Ann.* § 2-5702), which provides certain purposes for which counties may levy taxes, and includes "facilities for mass transit system for the transportation of passengers for hire, . . ." It is asserted that this constitutional provision limits the use of tax proceeds to "facilities" for a transit system, and does not permit the use of tax proceeds for the operation of the transit system and to subsidize the fares of passengers, as is authorized by § 25 (i) of the MARTA Act, as amended, and is proposed under the MARTA contract.

There is no merit in this contention. The Constitutional provision which the taxpayer claims is violated (*Code Ann.* § 2-5702) does not limit the use of tax proceeds to providing "facilities" for a transit system. It authorizes any county to exercise the power of taxation to "acquire, construct, maintain, improve, or aid in the acquisition, construction, maintenance, or improvement of . . . facilities for mass transit system for the transportation of passengers for hire, . . ." This would be ample authority for the General Assembly to authorize a county to levy taxes for the purpose of defraying the cost of operation of the system, in the event the fares charged are insufficient to cover this cost.

Furthermore, this Constitutional provision does not purport to limit the taxing power of the counties, but states that: "In addition to such other powers and authority as may be conferred upon any county by this Constitution or by the General Assembly, counties are hereby authorized to exercise the power of taxation for the following purposes which are hereby declared to be public purposes and expend funds raised by the exercise of said powers for said purposes and such other public purposes as may be authorized by the General Assembly." *Code Ann.* § 2-5702.

The Constitutional Amendment dealing with Public Transportation of Passengers for Hire declares that the "acquisition, establishment, operation or administration" of a transit system in the named counties composing the metropolitan area is a public purpose for which the powers of taxation may be exercised. Constitution, Art. XVII, Sec. I, Par. I (*Code Ann.* § 2-8601). This Amendment gives full constitutional authority for the imposition of a tax for operational expenses of a rapid transit system.

5. It is asserted by the taxpayer that the operation of a transit system by MARTA for a period of seven years at a fare of 15¢ per ride as agreed by the MARTA Board, pursuant to § 25 (i) of the MARTA Act, as amended (Ga. L. 1971, p. 2082), will result in an operating deficit which will be absorbed by the proceeds of the sales and use tax. It is alleged that operation in this manner is in violation of the

Constitution of Georgia, Art. I, Sec. I, Par. II (*Code Ann.* § 2-102), and the due process and equal protection clauses of the Federal Constitution, for the reason that subsidization of bus passengers unfairly and illegally discriminates against residents of Fulton County who do not regularly, or do not at any time, use the MARTA system and who will subsidize the transportation expenses of the remaining residents and nonresidents of Fulton County who use the MARTA system through their payment of the sales and use tax.

The development of a rapid transit system for the metropolitan area of Atlanta was determined by a majority of the voters of the area to be an essential governmental function and public purpose for which the powers of taxation may be exercised and public funds expended. *Code Ann.* § 2-8601. It is not contended that the tax burden for financing such public purpose is being unequally distributed, but the contention is that the benefits to those who never, or seldom, use the public transportation system will not be equal to the benefits of those using the system.

No system of taxation could be devised in which each taxpayer would receive benefits exactly in proportion to the payments made. The childless taxpayer who pays a school tax does not receive benefits comparable to the taxpayer with children attending the public schools. Many of the benefits received from tax money are indirect. The citizen with mental health does not directly benefit from the tax he pays for the support of mental institutions. However, each citizen benefits directly or indirectly from the governmental services which are needful to promote the welfare of society as a whole.

In principle, this court has previously decided the questions made by these allegations, as to the Georgia Constitution, in *Williamson v. Housing Authority of Augusta,* 186 Ga. 673, 676 (199 SE 43); and, as to the Federal Constitution, in *McLennan v. Aldredge,* 223 Ga. 879, 884 (159 SE2d 682).

There is no merit in these contentions of the taxpayer.

6. It is alleged that under § 25 (c), (d), and (f), of the MARTA Act, as amended (Ga. L. 1971, p. 2082), the State Revenue Commissioner is charged with the duty of collecting the sales and use tax, which shall then be paid to the State Treasurer, who shall then draw a warrant in favor of the local government entitled to the tax from its local sales; that the MARTA contract, § 2 (c), provides for an assignment of the moneys by Fulton County so that they may be paid by the State Treasurer directly to MARTA; and that this assignment of funds under the MARTA contract is contrary to the clear statutory requirement of § 25 (f) of the MARTA Act and therefore illegal, null, and void. It is further contended that the assignment of funds by the Fulton County Commissioners constitutes an unlawful and unconstitutional delegation of authority by the Commissioners to the State Revenue Commissioner.

Section 25 of the MARTA Act, as amended, provides that the sales tax collected by the State Revenue Commissioner under the Act shall be paid to the State Treasurer to the credit of a special fund, to the account of each local government in the territory of which the taxes are collected. In § 25 (f) it is provided: "As soon as practicable after the local sales and use tax moneys have been paid into the State Treasury in any month for the preceding month, the State Treasurer shall draw his warrant on the State Treasury in the proper amount in favor of each local government entitled to the monthly return of its local sales and use tax moneys, and such payment shall be charged to the account of each local government under the special fund created by this Act. . ." Section 25 (i) provides in part: "The proceeds of the tax levied pursuant to this Act shall be used solely by each local government to fulfill the obligations incurred in contracts entered into with the Metropolitan Atlanta Rapid Transit Authority as contemplated in the Metropolitan Atlanta Rapid Transit Authority Act of 1965, as amended, . . ."

Section 2 (c) of the MARTA contract states the provisions of the MARTA Act in regard to the special fund, and provides: "It is the intention of Fulton, DeKalb, Clayton and

Gwinnett that such moneys be paid monthly by the State Treasurer directly to the Authority [MARTA] and accordingly such moneys and the right to receive same are hereby assigned by Fulton, DeKalb, Clayton and Gwinnett to the Authority and the State Treasurer is hereby authorized and directed to make such payments directly to the Authority, which payments the Authority shall credit to each local government in the appropriate amounts. . ."

The MARTA Act, as amended, provides no specific method by which the local governments shall transfer the tax money represented by the State Treasurer's warrants in favor of the local governments to MARTA. The funds can be used by the local governments for no other purpose than to fulfil the obligations the governments have incurred by reason of their contracts with MARTA. The assignments of the warrants made by the MARTA contract, so that the funds may be received directly by MARTA, is an effective and economical method of transfer by the local governments of the tax funds to MARTA, and such assignments contravene no provision of the MARTA Act.

The Fulton County Commissioners have no discretion in appropriating the funds realized by the levy of the sales tax under the provisions of the MARTA Act. It is not an unlawful delegation of their authority for them to assign the tax funds so that they will be received by MARTA directly from the State Treasurer.

7. It is alleged by the taxpayer that as a result of voter disapproval on November 9, 1971, in Clayton and Gwinnett Counties, the rapid transit system is being constructed only in Fulton and DeKalb Counties, both of which have enacted sales and use taxes. The taxpayer asserts that § 25 (a) of the MARTA Act, as amended (Ga. L. 1971, p. 2082), which authorized Fulton and DeKalb Counties alone to levy the rapid transit sales and use tax, is void and unconstitutional for the reason that the Constitutional Amendment, Art. XVII, Sec. I, Par. IV (*Code Ann.* § 2-8604), concerning Public Transportation of Passengers for Hire, permits the General Assembly to authorize the City of Atlanta *and* the

Counties of Fulton, DeKalb, Cobb, Clayton, and Gwinnett to contract with a rapid transit Authority, but does not authorize Fulton and DeKalb Counties alone to enter into such a contract.

The five paragraphs of Art. XVII, Sec. I, were proposed (Ga. L. 1964, pp. 1008-1011), and ratified, as one Amendment to the Constitution, and must be considered together. Par. II (*Code Ann.* § 2-8602) provides: "The General Assembly may create a public corporation or Authority as an instrumentality of the city of Atlanta and the counties of Fulton, DeKalb, Cobb, Clayton and Gwinnett, or any one or any combination thereof, . . ."

There is no merit in the contention that the MARTA Act, as amended, violates the constitutional authority for enacting the legislation by authorizing some of the local governments to contract with MARTA and levy a sales tax when other local governments named in the constitutional Amendment do not participate.

8. It is alleged by the taxpayer that § 25 of the MARTA Act, as amended (Ga. L. 1971, p. 2082), authorizing the levy of a sales tax, is in violation of Art. VII, Sec. I, Par. III of the Constitution (*Code Ann.* § 2-5403), which provides: "All taxes shall be levied and collected under general laws and for public purposes only. All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax."

It is argued by the taxpayer that a tax imposed by the General Assembly must be uniform throughout the taxing jurisdiction, which is the entire State. It is further argued that the MARTA Act is a local and special Act, and that the taxing provision of the Act offends the constitutional mandate that all taxes be levied under general laws.

By § 25 (a) of the MARTA Act, as amended, each of the local governments contracting with MARTA is authorized to levy a sales tax in the geographical area governed by such local government. This tax is uniform throughout the territorial limits of the local governments levying the tax. *Hawes v. Conner*, 224 Ga. 567, 568 (163 SE2d 724).

The tax which the local governments are authorized to levy is "general" in the sense which this court has construed the word to mean in the constitutional provision cited. See *Verdery v. Village of Summerville*, 82 Ga. 138, 141 (8 SE 213); *Hutchins v. Howard*, 211 Ga. 830 (89 SE2d 183). However, the Public Transportation of Passengers for Hire Amendment provides that the authority granted by it "may be exercised by general, special or local laws without regard to uniformity." Constitution, Art. XVII, Sec. I, Par. V (*Code Ann.* § 2-8605).

There is no merit in these contentions of the taxpayer.

9. It is alleged by the taxpayer that the section of the Sales and Use Tax Resolution adopted by the Fulton County Commissioners, "which incorporates automatically and without action by the County Commissioners all future amendments to the State Sales and Use Tax Act, Ga. Laws 1951, p. 360, as amended, into the Resolution constitutes an illegal and unconstitutional delegation of legislative authority by the Fulton County Commissioners," and that this portion of the Resolution is unconstitutional, null, and void.

Article III, Section 1 of the Resolution provides: "Pursuant to the authority granted in Section 25 of the [MARTA] Act, the Georgia Sales and Use Tax Act, as amended, and as it may be from time to time amended, is incorporated herein, made a part hereof, and re-enacted as a part of this resolution, insofar as it may apply to the collection, administration and disposition of the tax authorized by the General Assembly of Georgia in Ga. L. 1971, pp. 2082-2092. . ."

This portion of the Resolution follows precisely the MARTA Act, as amended (Ga. L. 1971, p. 2082, § 25 (c)), which provides: "Any sales and use tax levied pursuant to this Act shall be administered and collected solely by the State Revenue Commissioner in the same manner and subject to the same penalties provided for in the Georgia Retailers' and Consumers' Sales and Use Tax Act, approved February 20, 1951 (Ga. L. 1951, p. 360), as now or hereafter amended."

No judgment, discretion, or administrative duties are left to the local governments in the collection of the sales tax under the MARTA Act, and this case bears no resemblance to that of *Green v. City of Atlanta,* 162 Ga. 641 (135 SE 84), cited by the taxpayer, where a section of an ordinance of the City of Atlanta was declared to be void, which provided that salaries of members of the city fire department would be increased when salaries of Federal mail carriers were increased. In the *Green* case the court dealt with an improper delegation of legislative power in an area in which the city had a discretion to act.

The Fulton County Commissioners, in following the provisions of the MARTA Act in the section of the Resolution under attack, did not illegally delegate their legislative authority.

10. Prior to the 1971 session of the General Assembly, § 25 of the Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1951, pp. 360, 387; *Code Ann.* § 92-3446a) provided that: "No county, municipality, school district or political subdivision of the State, shall impose, levy, or collect a gross receipts, sales or use tax, . . ."

It is alleged by the taxpayer that § 25 of the MARTA Act (Ga. L. 1971, p. 2082), authorizing Fulton and other counties to levy a sales tax, after voter approval, became effective on March 16, 1971; that Ga. L. 1971, pp. 95-96, which grants an exception to counties and cities authorized by the General Assembly to levy a sales tax for a rapid transit system from the prohibition of the general sales tax law against the levy of a sales tax by any political subdivision of the State, did not become effective until July 1, 1971; and that § 25 of the MARTA Act, which was enacted prior to the effective date of its enabling legislation, was null and void from its inception.

The Constitutional Amendment authorizing the establishment of a rapid transit system in the metropolitan area of Atlanta (Art. XVII, Sec. I) provides in Par. V as follows: "The provisions of this Article shall be liberally construed to effectuate its purpose and shall not be limited or re-

stricted by any existing provision of or amendment to this Constitution, or any general or special law heretofore enacted, and the authority granted by this Article to the General Assembly may be exercised by general, special or local laws without regard to uniformity." *Code Ann.* § 2-8605.

This Constitutional Amendment clearly intends that a special Act passed pursuant to the Amendment would not be subject to the constitutional attack that it is a special law contrary to a general law. There is therefore no merit in the contention that § 25 of the MARTA Act, as amended, which authorized certain local governments to levy a sales tax, is void because the general sales tax law, which prohibited a political subdivision from levying a sales tax, had not been amended at the time the MARTA Act was amended to authorize the levy of a sales tax. *Deason v. DeKalb County*, 222 Ga. 63, 66 (148 SE2d 414).

11. There is no merit in the attacks made on the MARTA Act, the Constitutional Amendment authorizing the MARTA Act, or the actions done by the Fulton County Commissioners pursuant to the MARTA Act.

The trial judge did not err in denying injunctive relief and dismissing the complaint.

*Judgment affirmed. All the Justices concur, except Hawes, J., who dissents.*