## 35152, 35173. GREAT NORTHERN NEKOOSA CORPORATION v. BOARD OF TAX ASSESSORS OF EARLY COUNTY, GEORGIA (two cases).

HILL, Justice.

In 1977 and 1978, Great Northern Nekoosa Corporation enlarged its Great Southern Paper Company paper mill facilities in Early County, Georgia, at the alleged cost of $6,429,329. Great Northern's 1978 ad valorem tax assessment from Early County was based in part on this enlargement. Great Northern challenged the inclusion of the enlargement by the Board of Tax Assessors before the Early County Board of Equalization on the ground that it was exempt from the tax pursuant to a local amendment to the Georgia Constitution referred to herein as the Early County Amendment. Ga. L. 1962, p. 808. The Equalization Board affirmed the original assessment.

Great Northern appealed to the Superior Court of Early County, both as to the exemption issue and as to an additional question of property valuation. Great Northern and the Board of Tax Assessors each moved for summary judgment on the exemption issue. Great Northern's motion was denied and the board's was granted. Great Northern appealed the grant of the board's motion for summary judgment directly to this court and filed a petition for immediate review, which was granted,

as to the denial of its motion for summary judgment. These two appeals were consolidated.

In granting summary judgment to the Board of Tax Assessors, the trial court upheld the board's contentions that the Early County Amendment violated the equal protection clause of the United States Constitution, and that, alternatively, Great Northern was not entitled to the exemption because the Amendment allows discretion in the board as to who shall be exempt. Great Northern appeals from both of these rulings.

1. Preliminarily, Great Northern argues that the trial court erred in failing to rule that the appellee board, as an agent of the county, lacked standing to challenge a local constitutional amendment on federal constitutional grounds. Great Northern relies on Williams v. Baltimore, 289 U. S. 36 (53 SC 431, 77 LE 1015) (1933).

Because we have determined that the amendment does not violate equal protection or due process, it is unnecessary for us to decide in this case the more difficult question of whether a county has any standing to challenge a state constitutional provision on fourteenth amendment grounds.

2. The local constitutional amendment at issue provides as follows: "Any person, natural or artificial, a resident of this State, who may after January 1, 1962, in Early County, build, equip, establish, complete, or enlarge a plant for the manufacture or processing of any properties *may,* as to such building (including equipment utilized thereon or in connection therewith), enlargement or equipment, *be exempt* from all county, incorporated town or city, and school districts ad valorem taxes for five (5) years from the date of the first use of the building, equipment, or enlargement of such plants. This provision shall be self-executing and shall not require additional implementing legislation." Ga. L. 1962, pp. 808, 809. (Emphasis supplied.)

In holding this local amendment unconstitutional under the federal constitution, the trial court relied on *Smith v. State,* 222 Ga. 552 (150 SE2d 868) (1966). In *Smith,* this court sustained a constitutional challenge based on the due process and equal protection clauses of the fourteenth amendment to the United States

Constitution to a local constitutional amendment of Telfair County. Ga. L. 1960, p. 1400. This court held that to survive constitutional attack, an amendment providing for issue by the county of *revenue bonds* must limit the issuance of the bonds to situations involving public purposes; i.e., the court held that spending public funds for private purposes would violate the fourteenth amendment. *Smith,* supra, 222 Ga. at 556-557.

*Smith v. State,* supra, is inapposite here. The Early County amendment merely provides a tax exemption; it does not involve the expenditure of public funds for private purposes. Thus the rule to be applied is found in Lehnhausen v. Lake Shore Auto Parts Co., 410 U. S. 356, 359 (93 SC 1001, 35 LE2d 351) (1973): "Where taxation is concerned and no specific federal right, apart from equal protection, is imperiled, the States have large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation." Lehnhausen involved a corporation challenging Illinois' exemption of individuals from personal property taxation. Applying that principle, we hold that the Early County amendment is well within the parameters of the equal protection clause.[1] See Kahn v. Shevin, 416 U. S. 351 (94 SC 1734, 40 LE2d 189) (1974).

The Early County amendment is not unconstitutional under the equal protection or due process clauses of the fourteenth amendment.

3. The trial court also ruled that even if the amendment is constitutional, Great Northern is not entitled to an exemption because the amendment gives the board the discretion to allow the exemption or not. The trial court based this ruling on the fact that the

---

[1] In attacking the amendment, the board relies on both the due process and equal protection clauses of the fourteenth amendment. The board, however, expresses no rationale under which the due process clause is applicable. To the extent that the board relies on the last paragraph of the majority opinion in *Smith v. State,* supra, 222 Ga. at 557, we note that that paragraph is dicta.

amendment provides the installation *"may . . . be exempt . . ."* (Emphasis supplied.) We disagree with that interpretation for three reasons. First a review of the legislative history of the amendment persuades us that the word "may" appears in the amendment at issue because this amendment tracks the language of a similar constitutional amendment which was approved by the voters in 1924. Ga. L. 1923, Ex. Sess., pp. 67, 68. The 1924 amendment provided for a statewide exemption subject to local option. Thus the word "may" related to the local option feature of the exemption; it did not mean that once the voters of a county, incorporated town or city, approved the exemption, the tax assessors could pick and choose among otherwise eligible industries. The use of "shall" in the implementing legislation conclusively establishes this. Ga. L. 1925, p. 259, Sec. 12. Thus, once the Early County board allowed the first exemption under this 1962 amendment, any discretion it had had as to whether to implement it, was exercised. Second, to construe the word "may" in the amendment so as to allow the board to pick and choose among otherwise eligible manufacturing or processing plants would create additional constitutional problems. Finally, in statutory construction "may" is construed as mandatory "when such Statute concerns the public interest, or affects the rights of third persons. . ." *Birdsong & Sledge v. Brooks,* 7 Ga. 88, 89 (1849); *Independent Bankers Assn. v. Dunn,* 230 Ga. 345 (3) (197 SE2d 129) (1973).

4. The trial court also ruled that the Early County constitutional amendment did not offend the privileges and immunities clause of the United States Constitution by extending the exemption only to residents as the board had contended, and the board appeals this ruling. In view of the fact that the board admitted that Great Northern is a resident of Early County, Georgia, the question of whether the amendment is unconstitutional as to nonresidents is purely hypothetical; thus we decline to rule on this issue.[2] See *Lott Invest. Corp. v. Gerbing,* 242

---

[2] We note that not only is the board attempting to litigate a hypothetical question, it is also arguing the

Ga. 90 (249 SE2d 561) (1978).

5. Great Northern also appeals the denial of its own motion for partial summary judgment. In support of its motion, the taxpayer submitted an affidavit stating that the $6,429,329 expenditure constituted a tax exempt "enlargement," not merely "replacements." The board submitted the affidavit of the chief tax appraiser of Early County for the purpose of establishing that the "enlargement" was at least in part a "modernization" (i.e., a "replacement") and not an "enlargement" within the terms of the Early County constitutional amendment. There being genuine issues of material fact to be decided, the trial court did not err in denying the taxpayer's motion for summary judgment.

*Judgment in Case No. 35152 reversed. Judgment in Case No. 35173 affirmed. All the Justices concur, except Bowles, J., who is disqualified.*

ARGUED SEPTEMBER 11, 1979 — DECIDED OCTOBER 23, 1979 —
REHEARING DENIED NOVEMBER 6, 1979.

*Alston, Miller & Gaines, Oscar N. Persons, B. Harvey Hill, Michael G. Wasserman, Phillip Sheffield,* for appellant.
*Thomas H. Baxley,* for appellee.

---

unconstitutionality of an aspect of the amendment that inures to the benefit of the county fisc by reducing the number of exemptions.