## 23628.  ELLIOTT v. STONE BAKING COMPANY.

STEPHENS, J.  1. Where, as the proximate result of an injury upon his head caused by the negligence of another, the person injured becomes insane and bereft of reason, and while in this condition and as a result thereof he takes his own life, his act is not a voluntary one, but is involuntary, and is not an act which breaks the causal connection between the homicide and the act which caused the injury, and the latter act is the proximate cause of the homicide.  Green on Proximate Cause, 37; Accident Ins. Co. *v.* Crandal, 120 U. S. 527, 531 (7 Sup. Ct. 685, 30 L.

ed. 740) ; *Life Association* v. *Waller*, 57 *Ga.* 533; *Southern Railway Co.* v. *Webb*, 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109) ; People *v.* Lewis, 124 Cal. 551 (3) (57 Pac. 470, 45 L. R. A. 783) ; Austin W. Jones Co. *v.* State, 122 Me. 214 (119 Atl. 577) ; Bishop *v.* St. Paul City Ry. Co., 48 Minn. 26 (50 N. W. 927).

2. Where it is alleged in the petition in a suit by a wife to recover for the homicide of her husband that he received physical injuries about the head as a result of the defendant's negligence in hitting him with an automobile, that the injuries caused him to become mentally irresponsible and insane, that while in this insane condition and as a result of this condition, he killed himself by shooting himself in the head, that his death was proximately caused by the alleged negligence of the defendant, and that the plaintiff was therefore damaged in the amount of the value of the husband's life, the petition set out a cause of action.

3. The court erred in sustaining the demurrer to the petition.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided September 18, 1934.

*Burress & Dillard,* for plaintiff. *Sidney Smith,* for defendant.

