### 64432. RAMSEY v. GEORGIA GAZETTE PUBLISHING COMPANY et al.

McMURRAY, Presiding Judge.

This is an action for damages predicated upon the alleged invasion of the plaintiff's right to privacy. A young lady was murdered in the City of Savannah and an intensive police investigation ensued but as of the time of the circumstances involved in the case sub judice the crime remained unsolved and the investigation continued. Approximately seven weeks after the murder, the Georgia Gazette, a Savannah newspaper published by the defendant The Georgia Gazette Publishing Company, a corporation, in its March 11, 1981 edition, reported that the Savannah police had narrowed their search for the murderer to one suspect, the plaintiff, a Savannah dentist, and that police

investigators had confirmed the plaintiff "is now the primary suspect in the case," although the police had made no public statement of this nature. In conjunction with its reporting of the murder incident, defendant corporation's newspaper also reported that the police were investigating complaints by the plaintiff's female patients that he had sexually harassed them and that he had sought to have other patients fill drug prescriptions for his personal use.

Named along with the corporate defendant were two individuals identified as having knowledge of and participating in the matters alleged in the complaint in one or more of the capacities of publisher, editor, officer, director or shareholder of the corporation. The third individual defendant was identified as an employee of the corporation who had authored the matter published which is the subject of plaintiff's complaint.

The basis of plaintiff's complaint is an invasion of his privacy in that the matters made public in defendant corporation's newspaper constituted public disclosure of private information. The complaint alleges that none of the information contained in the article was public information prior to its publication and that the information was "secluded and secret and may have been part of a working hypothesis of certain detectives of the Savannah Police Department, possibly being contained only in the investigative files, or in the thoughts of said personnel."

After discovery, defendants moved for summary judgment, contending there is no genuine issue of material fact and that they are entitled to judgment as a matter of law as appears from the pleadings, depositions, interrogatories, admissions on file and the entire record. This motion was heard and the trial court, following a comprehensive analysis of the leading Georgia cases with reference to actions for invasion of privacy, concluded that summary judgment should be granted in favor of defendants. Plaintiff appeals from the grant of summary judgment in favor of defendants. *Held:*

1. The case sub judice has previously been before the appellate courts in *Ga. Gazette Pub. Co. v. Ramsey,* 248 Ga. 528, 529 (284 SE2d 386). As Justice Weltner, writing for the Supreme Court, noted, this "is not an action for libel, but one for invasion of privacy." The right of privacy asserted by the plaintiff in the case sub judice has only been employed sporadically since Georgia first recognized such a cause of action over three quarters of a century ago in *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190 (50 SE 68) (1905). Consequently, we have been grateful for the analysis of the privacy cases contributed by the commentators.

In *Cabaniss v. Hipsley,* 114 Ga. App. 367 (151 SE2d 496) (1966), we, in effect, adopted the well founded analysis of Dean Prosser as

stated in an article entitled "Privacy" published in 48 Calif. L. Rev. 383 (1960). Therein Dean Prosser suggested that the invasion of privacy is actually four distinct but loosely related torts. See also Prosser, Law of Torts § 117 (4th Ed., 1971).

The theory upon which plaintiff relies is referred to in *Cabaniss v. Hipsley,* 114 Ga. App. 367, 372 (2), supra, as *"[p]ublic disclosure of embarrassing private facts about the plaintiff."*

That decision continues as follows: "There are at least three necessary elements for recovery under this theory: (a) the disclosure of private facts must be a public disclosure; (b) the facts disclosed to the public must be private, secluded or secret facts and not public ones; (c) the matter made public must be offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstances.

" 'The interest protected is that of reputation, with the same overtones of mental distress that are present in libel and slander. It is in reality an extension of defamation into the field of publications that do not fall within the narrow limits of the old torts, with the elimination of the defense of truth.' Prosser, [ *Privacy,* 48 Calif. L. Rev. 383 (1960)]."

However, in Georgia it seems clear that this cause of action is limited by an acknowledgement of a public interest in the investigation of criminal activity. During the pendency of a criminal investigation such matter continues to be one of public interest and the dissemination of information pertaining thereto would not amount to a violation of one's right of privacy. See *Waters v. Fleetwood,* 212 Ga. 161, 167 (91 SE2d 344) (1956). The plaintiff has his right of privacy, the right to be let alone. "There are times, however, when one, whether willingly or not, becomes an actor in an occurrence of public or general interest. When this takes place, he emerges from his seclusion . . ." Jones v. Herald Post Co., 231 Ky. 227 (18 SW2d 972); *Waters v. Fleetwood,* 212 Ga. 161, supra, at page 164. In the case sub judice plaintiff has, albeit unwillingly, become an actor in a public drama. Dissemination of information pertaining to this drama is no violation of the plaintiff's right of privacy.

2. As to the newspaper disclosure describing the alleged sexual harassment by plaintiff of his female patients and the alleged practice of plaintiff obtaining drugs by writing prescriptions for his patients, we are hesitant to conclude that such allegations emanating from the police investigation in the murder of a young woman will not subject these matters to dissemination under the reasoning expressed in Division 1. However, we need not base our decision in regard to those articles upon that reasoning. In *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190, 191 (8, 9), 200, supra, which

decision was relied upon by the trial court in the case sub judice, the Supreme Court stated: "So it is in reference to those belonging to the learned professions, who by their calling place themselves before the public and thereby consent that their private lives may be scrutinized for the purpose of determining whether it is to the interest of those whose patronage they seek to place their interests in their hands. In short, any person who engages in any pursuit or occupation or calling which calls for the approval or patronage of the public submits his private life to examination by those to whom he addresses his call, to any extent that may be necessary to determine whether it is wise and proper and expedient to accord to him the approval or patronage which he seeks." Plaintiff, as a dentist serving the public, certainly falls within the aforequoted language and based upon *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190, 191 (8, 9), 200, supra, the public has a legitimate interest in the matters addressed in the newspaper disclosure which would reflect upon whether it would be wise to seek plaintiff's professional services. Plaintiff urges this court to consider the aforequoted language from *Pavesich* as mere dictum. We would be ever so reluctant in the case sub judice to declare any portion of that Supreme Court decision to be dictum as that is the prerogative of that court.

3. We reiterate that plaintiff's cause of action as set forth in his complaint states no cause of action for libel even though the documents set forth for consideration by the trial court on defendants' motion for summary judgment contain considerable evidence addressed to the truthfulness of the newspaper disclosure. The sole theory stated in plaintiff's complaint does not address the truthfulness of the newspaper disclosure but addresses itself to the dissemination of the information in the disclosure on the basis of the plaintiff's alleged right that these facts be withheld from public view. As stated above, we find a legitimate public interest in the dissemination of the facts in question. There are no allegations in plaintiff's complaint of an invasion of privacy by placing the plaintiff in a false light in the public eye or allegations of a cause of action for libel, therefore, the truthfulness of the newspaper disclosure is not at issue as such is not an element of the cause of action stated by plaintiff. The trial court was correct in granting summary judgment in favor of defendants.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED NOVEMBER 8, 1982 —
REHEARING DENIED DECEMBER 7, 1982 —

*Stanley E. Harris, Jr., Alexander L. Zipperer III,* for appellant.
*Charles B. Mikell, Jr., Darlene Y. Ross,* for appellees.