## 64678. JONES et al. v. J. C. PENNEY COMPANY, INC. et al.

BANKE, Judge.

The appellants, Robert Daniel Jones and Harvey Lanier Brooking, were terminated from their employment with J. C. Penney Co. for the stated reason that they had sold drugs on Penney's premises. They subsequently filed this defamation action against Penney and Scott E. Ludwig, a security investigator employed by

Penney, alleging that Ludwig had slandered them shortly after their termination by telling one of their co-workers, William Johnson, that they had been fired for selling narcotics. The complaint was later amended to allege that Ludwig's statement was libelous in that it constituted an oral publication of a written report. This appeal is from a grant of summary judgment in favor of Penney and Ludwig.

In support of the motion for summary judgment, Ludwig asserted by affidavit that he did not make the statement attributed to him but that when Johnson approached him and asked him what had happened to the appellants, he replied that he couldn't talk about it. The appellants controverted this affidavit with Johnson's affidavit to the effect that Ludwig had responded by telling him that the appellants had been fired for selling narcotics on the premises. In deposition testimony, the appellants denied ever having sold drugs and asserted that Penney actually fired them in retaliation for their union organizing activities.

For purposes of the motion for summary judgment and of this appeal, the appellees do not dispute the allegation that Ludwig made the statement attributed to him by Johnson. They contend, however, that even if the statement was made, the circumstances were such as to render it privileged as a matter of law. *Held:*

1. Under Code § 105-709 (1 & 2), statements made in the performance of a public or private duty are deemed privileged, and under Code § 105-710, such statements will not support an action for libel or slander unless it is shown that the privilege was "used as a cloak for venting private malice." "The essentials of the defense of privilege are laid down in *Sheftall v. Central of Ga. R. Co.,* 123 Ga. 589 (51 SE 646), where it is said: 'To make the defense of privilege complete, in an action of slander, or libel, good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear. The absence of any one or more of these constitutent elements will, as a general rule, prevent the party from relying on the privilege.' " *Cochran v. Sears, Roebuck & Co.,* 72 Ga. App. 458, 463 (34 SE2d 296) (1945).

In *Whitley v. Newman,* 9 Ga. App. 89 (4) (70 SE 686) (1910), it was held that statements made "in response to inquiries as to another person" are deemed privileged "when the inquirer is one naturally interested in his welfare. . ." The inquirer in *Whitely* was the plaintiff's wife. A similar holding appears in *Cochran v. Sears, Roebuck & Co.,* supra, wherein the defendant employer disclosed to a child welfare worker charged with the care of the plaintiff's children that the plaintiff had been discharged because she had contracted a venereal disease. In both cases, the inquirer's interest in the plaintiff's affairs was deemed sufficient to render the defense of

privilege applicable as a matter of law.

In defamation cases involving an employer's disclosure to other employees of the reasons for a plaintiff's discharge, the general rule is that a qualified privilege exists where the disclosure is limited to those employees who have a need to know by virtue of the nature of their duties (such as supervisors, management officials, union representatives, etc.) and those employees who are otherwise directly affected either by the discharged employee's termination or the investigation of the offense leading to his termination. See generally Anno., "Libel and Slander: Privileged Nature of Communication to Other Employees or Employees' Union of Reasons for Plaintiff's Discharge," 60 ALR3d 1080. Thus, in Poledna v. Bendix Aviation Corp., 360 Mich. 129 (103 NW2d 789) (1960), it was held that a manager had acted within his rights in telling those employees concerned with the hiring and firing of other employees the reasons for the plaintiff's discharge but not in conveying the information to "fellow general employees." Cf. *Central of Ga. R. v. Jones,* 18 Ga. App. 414 (89 SE 429) (1916).

In the case before us now, it is undisputed that Johnson was more than simply a "fellow general employee," for not only did he work directly with the appellants on a day-to-day basis, he was a close personal friend as well. Indeed, it appears from the appellants' deposition testimony that they spent several hours commiserating with Johnson following their discharge, and it may be inferred from this testimony that they treated him as a confidant. Since it is also undisputed that Ludwig's alleged disclosure to Johnson came in direct response to Johnson's inquiry and outside the presence of other persons, all the criteria set forth in *Sheftall v. Central of Ga. R. Co.,* supra, (i.e., good faith, publication to one with a proper interest, a statement properly limited in scope, and a proper occasion) have been met. The alleged disclosure must consequently be considered privileged as a matter of law, and it follows that the trial court did not err in granting the appellees' motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 17, 1982 — ▉▉▉▉▉▉▉▉▉

*Jay W. Bouldin,* for appellants.
*Lowell S. Fine, Jane F. Thorpe,* for appellees.