## 65879. KOBECK v. NABISCO, INC. et al.

POPE, Judge.

Plaintiff Carol T. Kobeck brought this action against defendant Nabisco, Inc. and Harold Carmical alleging invasion of privacy and seeking damages of $10,000,000 for "pain and suffering, emotional anguish and psychological damages," $5,000,000 for "loss of services, companionship and affection of [her deceased husband] Ronnie Kobeck," and $5,000,000 for "aggravated damages." Following the completion of pretrial discovery, the trial court granted defendant's motion for summary judgment from which plaintiff brings this appeal.

The material facts in this case are essentially without dispute. Plaintiff was supposed to have worked the 11:30 p.m. to 7:30 a.m. shift at the Nabisco bakery on the night of April 21, 1981. Instead of reporting to work, and unbekownst to her husband, she spent the night at the home of her paramour. Plaintiff's husband called the bakery to talk to his wife and was told that she had not reported for work that night. Later in the day on April 22, still not having heard from his wife, plaintiff's husband went to the bakery and spoke to defendant Carmical, the assistant personnel manager, who confirmed that plaintiff had not in fact worked the night before. Plaintiff contends that Carmical also revealed to her husband records that showed that she had been absent from work on several other occasions in the recent past when she told him that she had been working. Plaintiff again did not return home on April 22 or the night of April 23. Plaintiff's husband called her at work on the night of April 22 and told her that he had seen her attendance records and knew that she had not been working when she said she had and that he felt that perhaps she had been seeing another man. According to plaintiff, this was the first inkling her husband had that there may have been another man in the picture and he seemed upset. She just said, "You're wrong," and hung up on him. This was the last time she

talked to him. Plaintiff's husband committed suicide on April 24, 1981 and left a suicide note that said how much he loved his wife and that he felt he was doing the right thing so that she could be happy. Plaintiff contends that the defendants acted negligently in revealing her absenteeism record to her husband and that this action constituted an invasion of her right to privacy, for which she is entitled to damages for mental pain and suffering, as well as the value of her husband's life.

1. Since the branch head case of *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190 (50 SE 68) (1905), Georgia has recognized the right of privacy, violation of which is a direct invasion of a legal right of the individual, a tort. "The liberty of privacy exists, has been recognized by the law, and is entitled to continual recognition. But it must be kept within its proper limits, and in its exercise must be made to accord with the rights of those who have other liberties, as well as the rights of any person who may be properly interested in the matters which are claimed to be of purely private concern." Id. at 201.

We are aware that an employee's personnel file is generally considered confidential. See, e.g., 1977 Op. Att'y Gen. 77-56. However, defendants argue that Carmical's response to plaintiff's husband's inquiry into her absences from work constituted a privileged communication because the answer was made in the performance of a private moral duty. See OCGA § 51-5-7 (2) (formerly Code Ann. § 105-709 (2)). "Statements in response to inquiries as to another person, when the inquirer is one naturally interested in his welfare, are privileged. They are statements made in the performance of a private moral duty. . . ." *Whitley v. Newman,* 9 Ga. App. 89 (4) (70 SE 686) (1911). Accord, *Cochran v. Sears, Roebuck & Co.,* 72 Ga. App. 458, 462-3 (34 SE2d 296) (1945); see also *Jones v. J. C. Penney Co.,* 164 Ga. App. 432 (1) (297 SE2d 339) (1982). While we are inclined to find the good faith communication made by Carmical to be privileged, we need not resolve the issue in order to render a decision in this case.

2. Additionally, we question whether the information disclosed by defendants to plaintiff's husband was of such a private nature that its dissemination would constitute an invasion of her privacy. The record discloses that neither Carmical nor anyone else at Nabisco (except two female co-workers in whom she had confided) knew of plaintiff's extra-marital affair at the time the "Absenteeism Record" was shown to her husband. The *only* information disclosed to plaintiff's husband by defendants was her attendance record, from which he apparently drew his own conclusions. In our view, this report, containing only information relating to her attendance at work, was known not only to plaintiff's employer but perforce to

many of her co-workers and can hardly be considered "private, secluded or secret" as alleged in her complaint. Indeed, plaintiff's husband could have telephoned her at work at any time and indeed had done so on several previous occasions.

Nevertheless, assuming arguendo that the information disclosed was private and the communication was not privileged, the evidence of record does not support a cause of action for invasion of privacy. Of the four distinct kinds of torts recognized by Dean Prosser, and subsequently by this court, as potentially comprising a claim for invasion of privacy, only one is specifically urged by plaintiff: Intrusion into her private affairs. See *Cabaniss v. Hipsley,* 114 Ga. App. 367, 370 (151 SE2d 496) (1966). In order to recover under this theory, however, it is apparent that " 'the Georgia cases require that the intrusion must be *physical,* analogous to a trespass.' Peacock v. Retail Credit Co., 302 FSupp. 418, 422 (N. D. Ga. 1969), [affd. 429 F2d 31 (5th Cir. 1970), cert. den., 401 U. S. 938 (1971)]." (Emphasis supplied.) *Hines v. Columbus Bank &c. Co.,* 137 Ga. App. 268, 269 (223 SE2d 468) (1976). Accord, Pierson v. News Group Publications, 549 FSupp. 635 (8, 9) (S.D. Ga. 1982). For example, an unwarranted intrusion into one's hotel room, stateroom, or home; mistaken identity in making a warrantless arrest; and having private detectives harassingly spy on someone. *Cabaniss v. Hipsley,* supra, at 371-2, and cases cited therein; Peacock v. Retail Credit Co., supra at 422-3, and cases cited therein. Plaintiff has neither alleged nor shown in any way that she has suffered such a physical intrusion upon her privacy. Thus, she has failed to establish an essential element for recovery under this theory.

3. As for the allegation that defendant's negligence resulted in the wrongful death of her husband, plaintiff has not set forth any evidence to show that said negligence was the proximate cause of her husband's suicide. See *Appling v. Jones,* 115 Ga. App. 301 (2) (154 SE2d 406) (1967); see also *Elliott v. Stone Baking Co.,* 49 Ga. App. 515 (176 SE 112) (1934).

The trial court did not err in granting summary judgment to defendants for any reason assigned.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MAY 17, 1983.

*Sally B. Greer,* for appellant.
*Philip S. Coe,* for appellees.