67242. IN RE JENKINS.

MCMURRAY, Chief Judge.

This case involves the appointment of a guardian for an alleged incapacitated adult by reason of age and physical and mental infirmities. Upon application of two of her daughters and the affidavit of another daughter, the appointment of a guardian of her person and property was sought in the probate court. After evaluation and consideration of a response by two other daughters that the request of the first two daughters as petitioners be denied, the probate court rendered its findings of fact and conclusion of law (an attorney having been appointed to represent the alleged incapacitated adult). It was established that the proposed ward was an incapacitated adult by reason of advanced age, mental disability and physical illness of disability, lacked sufficient understanding or capacity to make significant responsible decisions concerning her person and property; and the probate court appointed the DeKalb County Department of Family and Children Services as the guardian of her person.

Whereupon, the alleged incapacitated adult, as respondent, appealed to the superior court seeking a trial de novo by jury as to her alleged incapacity.

The case came on for trial, and, after much discussion and colloquy by and between the superior court and the incapacitated person's children and examination by the court of the alleged

incapacitated adult as respondent, the court determined that it would dismiss the application for guardianship over respondent's person but granting the guardianship over her property, naming respondent's six children as persons to be appointed as the guardians of her property. In addition to certain requirements set out by the court as to duties of the guardians of her property with reference to a bank account to be established in trust the superior court ordered that certain real estate which respondent had previously deeded to two of her daughters be transferred to all the children of the respondent with a life estate reserved to the respondent and ordering further that should the respondent be able to return to said dwelling the said real estate be transferred back to her in fee simple. The respondent appeals. *Held:*

It is quite clear that this case involves an elderly person suffering from advanced age and mental and physical disabilities in which there is considerable difference of opinion by and between her children with reference to her care. The record and transcript of the proceedings includes the colloquy and discussion by and between the various parties, the court, and the respondent who was examined by the court at great length (although apparently not under oath) with reference to her physical and mental condition.

Clearly, the court has endeavored to do equity and to reach an amicable decision with reference to this 80-year-old elderly person suffering from senility and recovering from a stroke with reference to her future needs. However, the respondent being of a fixed opinion that she was not in need of a guardian sought to procure a dismissal of the guardianship proceedings. She now enumerates error that the superior court "erred in directing a verdict for Appellees," in depriving her of a de novo trial by a jury, in appointing all of her children as the guardians of her property, and in ordering the transfer of property which she had previously conveyed to two of her daughters. The record before the court alone would have authorized a fact finder to have made the determination which the court directed based upon the probate court proceedings. Here, however, the court did not hear any evidence except the court's own examination of the respondent apparently not under oath. On appeal from the probate court order appointing a guardian the appellant is entitled to de novo proceedings in the superior court. See OCGA § 29-5-11 (formerly Code Ann. § 49-611 (Ga. L. 1980, pp. 1661, 1680)); *Allmond v. Johnson,* 153 Ga. App. 59, 60-61 (1) (264 SE2d 544); *Etheridge v. Etheridge,* 242 Ga. 101, 102-104 (249 SE2d 569). But even considering the examination of the respondent as evidence a conflict exists as to the respondent's ability to handle her property, if any (the real property having previously been conveyed by her to her two

daughters and the government and nursing home handling her social security and nursing care). The evidence did not demand the particular finding by the superior court although it would have authorized a fact finder to have issued the guardianship of her property. Therefore, the superior court erred in rendering judgment based upon the court's own determination and denying the respondent a de novo trial in the instant case. See *Talmadge v. Talmadge,* 241 Ga. 609 (2), 610 (247 SE2d 61); *Barber v. Atlas Concrete Pools,* 155 Ga. App. 118 (270 SE2d 471).

With reference to the transfer of the real property this issue was not before the court under the pleadings inasmuch as this required a cancellation of a deed between the grantor and grantees and the transfer of the property to others, the ruling thereon being null and void. See *Darden v. Ravan,* 232 Ga. 756, 758 (1) (208 SE2d 846). However, review of cancellation of deeds and decrees transferring title to real property come within the jurisdiction of the Supreme Court and not this court. As the case is reversed in order to proceed properly through another trial in which evidence is to be presented, all other enumerations of error either cannot or need not be considered.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 3, 1984.

*Dina E. Fein,* for appellant.
*Charles L. Weatherly, Everett D. Caldwell,* for appellee.