68369. IN RE BOLES.

(322 SE2d 319)

BENHAM, Judge.

Randy Alan Boles is an incapacitated adult whose father, Henry Boles, and brother, Jerry Boles, both petitioned the Probate Court of DeKalb County seeking appointment as guardian of Randy. That court appointed Henry as Randy's guardian, and Jerry appealed the decision to the Superior Court of DeKalb County. In that court, attorneys for Randy and Henry joined in a motion to dismiss the jury, which motion was opposed by Jerry's attorney. When the trial court granted the motion, Jerry sought and received a certificate of immediate review from the trial court, and applied to this court for an interlocutory appeal, which we granted.

An appeal to the superior court from the probate court is a de novo investigation (OCGA § 5-3-29), and "[a]ll appeals to the superior court shall be tried by a jury at the first term after the appeal has been entered . . ." (OCGA § 5-3-30), unless the right to a jury is waived. See *Smith v. Smith*, 165 Ga. App. 532 (2) (301 SE2d 696) (1983). If issues of fact are raised concerning the fitness and qualifications of an incompetent's guardian, "the ordinary in the first instance and the *jury on appeal* is vested with a discretion in the choice of the fiduciary." (Emphasis supplied.) *Kelley v. Kelley*, 129 Ga. App. 257 (1) (199 SE2d 399) (1973). See also *In re Jenkins*, 169 Ga. App. 408 (313 SE2d 119) (1984). Cf. *Bell v. Cronic*, 248 Ga. 457 (1) (283 SE2d 476) (1981).

In light of the above authority, it seems clear that a jury trial is warranted in the case at bar. However, Henry contends that the presence of a jury would deny Randy his right to privacy, first recognized in this state in the Supreme Court's decision in *Pavesich v. New England Life Ins. Co.*, 122 Ga. 190 (50 SE 68) (1904). There, the Supreme Court recognized the existence of a cause of action it described as "the liberty of privacy." Id. at 201. That court also foresaw the issue with which we are concerned today: the balancing of an individual's right "to be let alone" against another competing interest. The *Pavesich* court noted that the liberty of privacy "must be kept within

its proper limits, and in its exercise must be made to accord with the rights of those who have other liberties, as well as the rights of any person who may be properly interested in the matters which are claimed to be of purely private concern." Id. This theme was echoed by this court in *Kobeck v. Nabisco, Inc.*, 166 Ga. App. 652 (305 SE2d 183) (1983). The *Pavesich* court went on to state that there were situations in which the right of privacy must yield to the rights of free speech and of the press. Id. at 204.

Several times since *Pavesich* the courts of this state have attempted to harmonize the individual's right to privacy with competing interests: the freedoms of speech and press (*Cox Broadcasting Corp. v. Cohn*, 231 Ga. 60 (V) (200 SE2d 127) (1973)); the necessities of commerce (*Hines v. Columbus Bank & Trust Co.*, 137 Ga. App. 268 (223 SE2d 468) (1976)); legitimate public interests (*Ramsey v. Ga. Gazette Publishing Co.*, 164 Ga. App. 693 (1) (297 SE2d 94) (1982)); *Doe v. Sears*, 245 Ga. 83 (2) (263 SE2d 119) (1980)); and the testimonial privilege (*Dennis v. Adcock*, 138 Ga. App. 425 (4) (226 SE2d 292) (1976)). In each instance save that of *Cox Broadcasting v. Cohn*, supra, the privacy right was held to be subservient to the opposing interest, or the elements of the "judge-made tort" (*Hines v. Columbus Bank & Trust*, supra) of invasion of privacy were found not to exist in the factual situation presented. The exception, *Cox Broadcasting Corp. v. Cohn*, was subsequently reversed by the United States Supreme Court, 420 U. S. 469 (95 SC 1029, 43 LE2d 328) (1975).

Henry argues that Randy should not have to undergo the embarrassment and humiliation of having his incapacity "flaunted" before twelve randomly selected citizens. However, we conclude that there is a legitimate public interest in the welfare of the handicapped citizenry of this state and the dissemination of information necessary to determine Randy's welfare does not amount to a violation of his nascent right to privacy. See *Ramsey v. Ga. Gazette*, supra, Division 1; cf. *Richmond County Hosp. Auth. v. Southeastern Newspapers Corp.*, 252 Ga. 19 (311 SE2d 806) (1984). "There are some shocks, inconveniences and annoyances which members of society in the nature of things must absorb without the right of redress." *Hines v. Columbus Bank & Trust*, supra, p. 270. The legitimate public interest in Randy's welfare, coupled with the statutory scheme requiring a jury trial in appeals to the superior court from the probate court, compel the conclusion that Randy's emerging right to privacy must give way to Jerry's constitutional right to due process, i.e., a trial by jury in this matter.

Henry also contends that "[the] legislation which has developed in the area of guardianship over the past fifty years has repealed by implication" the statutory scheme of jury trials in such matters once

they have reached the superior court. However, "[u]nless the subsequent statute is in irreconcilable conflict with the prior statute, the subsequent statute will not be construed to have repealed the provisions of the prior statute. [Cit.] Such repeal by implication can only result where the latter of the two acts is clearly repugnant to the former and so inconsistent with it that the two cannot stand together under any reasonable construction, or where it is manifestly intended to operate as a substitute for the former act. [Cit.] Only a clear repugnancy will allow a repeal by implication, and that only pro tanto. [Cit.]" *Downs v. State*, 163 Ga. App. 485, 487 (295 SE2d 152) (1982). There being no such repugnancy between the statutory right to a jury trial and the statutes governing guardianship, we cannot agree with Henry's proposed theory of repeal by implication.

Lastly, Henry maintains that the issues involved in this case are complex and inappropriate for jury determination. In the first place, complex issues do not negate one's right to trial by jury. Secondly, contrary to the trial court's analogy, this case involves an issue of *guardianship*, and not child custody. Therefore, statutes and judicial decisions concerning child custody disputes which remove that issue from jury determination are not applicable.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

**DECIDED SEPTEMBER 14, 1984.**

*E. Lewis Hansen, Judith A. Inge*, for appellant.
*Helen J. Medlin, Darel C. Mitchell*, for appellee.