## 45927. ELEY v. GREENE COUNTY BOARD OF COMMISSIONERS et al.

(372 SE2d 231)

GREGORY, Justice.

In 1961, the Georgia legislature enacted a local law concerning Greene County. The law provided that:

The Board of Commissioners of Roads and Revenues in and for Greene County, Georgia shall monthly publish in the legal organ of Greene County, a monthly report or statement in detail of the expenses and disbursements of the funds of Greene County and at the same time shall publish a full statement of the amount of money that is owed by Greene County and to whom. . . .

Georgia Laws 1961, section 3 D, pp. 2228-29. (Hereinafter "The 1961 Act.")

This case arose when appellant Eley applied for a Writ of Mandamus against appellees, the Greene County Board of Commissioners, alleging that the Board failed to comply with the requirements of The 1961 Act.

Eley argued that the Board's published statements were not sufficiently detailed, first because large sums of money had been spent under the heading "Bd. of Commissioners, Payroll Account," and second because the statements failed to disclose the amount of money the county owed and to whom.

The trial court denied the application, finding that the Board's method of publishing the monthly statement was within the commissioners' discretion. The trial court also found that section 3 D of The 1961 Act was repealed by implication by OCGA § 36-81-1 et seq. [hereinafter "The Budget Act"]. The Budget Act provides that "The budget document . . . shall provide a statement of the amount budgeted for anticipated revenues by category and the amount budgeted for expenditures by category for the current year. . . ." OCGA § 36-81-5 (b).

Repealers by implication are not favored. *Brown v. Boston Old Colony Ins. Co.*, 247 Ga. 287, 288 (275 SE2d 651) (1981). As the Court of Appeals wrote in *In re Boles*:

Such repeal by implication can only result where the latter of the two acts is clearly repugnant to the former and so inconsistent with it that the two cannot stand together under any reasonable construction, or where it is manifestly intended to operate as a substitute for the former act.

172 Ga. App. 111, 113 (322 SE2d 319) (1984).

In this case, The Budget Act is neither clearly repugnant to nor inconsistent with The 1961 Act. The 1961 Act concerns the publication of an expense report detailing money that has been spent. The Budget Act concerns the publication of a budget document projecting money to be received and spent.

Moreover, The Budget Act is not manifestly intended to operate as a substitute for The 1961 Act. On the contrary, section 36-81-9 specifically states that "This article shall not be construed to repeal or conflict with any law providing budgetary, fiscal, or auditing procedures more restrictive than those in this article." Because The 1961 Act requires more information than The Budget Act, the earlier Act is more restrictive.

The 1961 Act requires the Board to publish "a monthly report or statement in detail of the expenses and disbursements of the funds of Greene County and at the same time . . .[to] publish a full statement of the amount of money that is owed by Greene County and to whom."

We hold that the language of this Act clearly requires the Board to disclose in the monthly reports the total amount of county debt at that time and to whom it is owed. It is not sufficient, as the Board argued, that the total debt and to whom it is owed can be calculated from other information in the published reports. The total debt must be explicitly spelled out every month.

We also hold that publishing salaries under the general heading "Bd. of Commissioners, Payroll Account" is not a "report or statement in detail" within the meaning of the Act. At a minimum, the published reports must break down the salaries into detailed categories or departments.

Finally, we hold that the trial court did not err in denying Eley's request for attorney fees. The Board was not stubbornly litigious in its conduct.

*Judgment reversed. All Justices concur, except Smith, J., who dissents.*

SMITH, Justice, dissenting.

I dissent to this Court's holding that directs the method and manner of the Board's publication of its monthly financial statement. It is important to point out that there is no hint or allegation of any dishonesty or wrongdoing in this case. The only question concerns the manner and method of publishing the disbursements and expenses of the county board of commissioners. The Board's method of publishing this monthly statement is within the commissioners' discretion, and there is no abuse of discretion in this case.

This Court's involvement in this matter is not necessary in light of other reasonable alternatives. Any interested citizen can go to the

Board's office and review the specifics of the county payroll records. Yet, there is no consideration or claim of a violation of the Open Records Act. OCGA § 50-18-70. This is important considering the Board could spend only $30 per month to publish the statement. With just $30, the Board cannot get very much information published.[1] Considering the facts that there was a reasonable alternative for information and slight funding for publication, the Board has published sufficient detail to comply with the local law.

Finally, I agree with the trial court's finding that the 1961 local act was repealed by implication when the legislature enacted OCGA § 36-81-1 et seq. The purpose of OCGA § 36-81-1 et seq., is to provide consistency and uniformity among the counties concerning information about county budgets. As a general rule local acts are not favored, especially when a general law will suffice, and the general act, OCGA § 36-81-5, adequately and sufficiently covers the rights of all citizens.

DECIDED OCTOBER 6, 1988.

*David G. Kopp,* for appellant.
*W. Seaborn Ashley, Jr.,* for appellees.

---

[1] The Board is now in a Catch-22 position. They cannot publish the information this Court has required them to publish without violating the very local law that we hold was not repealed by implication. The next case this Court will hear will be the appellant's prosecution of the Board for violating the local law for spending more than the $30 alloted for publication that this Court says that it must. For this reason, it is only common sense to say that the general statute repealed the local one by implication.