S97A0315. CHATHAM COUNTY v. HUSSEY et al.
(485 SE2d 753)

FLETCHER, Presiding Justice.

In 1965, the Georgia General Assembly passed a local act creating a joint city-county board of tax assessors in Chatham County.[1] The trial court held that the 1978 Georgia Public Revenue Code repealed by implication the 1965 local legislation. Because the 1965 act is not totally repugnant to the general act and the general act did not substitute for every prior act on the subject, we hold that there was no implied repeal of the 1965 local act and reverse.

The 1965 legislation gave the City of Savannah and Chatham County authority to enter into a contract providing for a consolidated board of tax assessors.[2] In 1981, the General Assembly amended the 1965 act to change the qualifications and method for appointing the chief tax assessor.[3] In 1994, the General Assembly repealed both the 1965 and 1981 acts and gave the county governing authority the power to appoint the board of tax assessors as provided by state law.[4] Although the Chatham County Board of Commissioners discussed appointing a new board of tax assessors in January 1996, a majority of commissioners voted to table the effort. Nevertheless, the four members of the board of tax assessors sued Chatham County seeking a declaratory judgment that the 1994 act was unconstitutional and a permanent injunction enjoining the county from removing the tax assessors from office. The trial court granted the tax assessors a permanent injunction, determined that the 1994 act was void because it related back to the 1965 legislation that was repealed by implication, and declared moot the constitutional challenge to the 1994 act. The county appeals.

Repeals by implication are not favored.[5] An implied repeal never occurs unless the later act clearly contradicts the former act and their differences cannot be reconciled[6] or the most recent enactment appears to cover the whole law on the subject and substitutes for every prior general, local, and special law relating to that subject matter.[7]

To determine whether there was an implied repeal of the 1965 act, we must consider the 1978 revenue code. In 1978, the General Assembly adopted the first comprehensive revenue code in 45 years

---

[1] Ga. L. 1965, p. 3354.
[2] Id. at pp. 3355-3356.
[3] Ga. L. 1981, pp. 3442, 3443.
[4] Ga. L. 1994, pp. 3940, 3941.
[5] *Eley v. Greene County Bd. of Commrs.*, 258 Ga. 562 (372 SE2d 231) (1988).
[6] *Richmond County v. Jackson*, 234 Ga. 717, 719 (218 SE2d 11) (1975).
[7] *Cotton States Mut. Ins. Co. v. DeKalb County*, 251 Ga. 309, 311 (304 SE2d 386) (1983).

by amending the Code of Georgia of 1933.[8] Section one states the legislative intent: "It is . . . the intent of the General Assembly by the passage of this Act to provide for a general recodification of revenue laws," to delete obsolete and duplicative provisions of the revenue code, and to make administrative provisions uniform when possible without major substantive change.[9] Section three lists 157 general and local acts that the 1978 act specifically repeals.[10] Section four lists three laws related to a joint city-county board of tax assessors that are not affected by the general act.[11] Neither section three nor four includes the 1965 local act providing for the joint city-county board of tax assessors in Chatham County.

Applying the law to the relevant acts, we conclude that the 1978 act fails to meet either test for a repeal by implication. First, the local act does not conflict with the general act, but instead relies on provisions in the 1933 Code that are similar to the recodified provisions of the 1978 revenue code.[12] Second, the 1978 act contains a comprehensive list of specifically repealed acts that covers 30 pages, but does not include the 1965 local act among the laws expressly repealed. Third, exemption of certain laws in the 1978 act shows that it is not the exclusive law on the subject matter of joint city-county boards of tax assessors. Therefore, we hold that the 1978 Georgia Public Revenue Code did not repeal by implication the 1965 local act providing for the Chatham County-Savannah Board of Tax Assessors. Because there was no implied repeal, the 1994 act was not void from the beginning and we remand for the trial court to consider the tax assessors' constitutional challenge to the 1994 law.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MAY 5, 1997.

*Thomas J. Mahoney, Jr., Emily E. Garrard,* for appellant.
*Savage & Turner, Robert B. Turner,* for appellees.

---

[8] Ga. L. 1978, p. 309 (codified at OCGA § 48-1-1 et seq.).

[9] Id. at p. 310.

[10] Id. at pp. 764-794.

[11] Id. at p. 794 (listing laws related to the Atlanta-Fulton County Board of Tax Assessors).

[12] See Ga. L. 1965 at pp. 3358-3359.