494 S.E.2d 510 (1998)
468 Ga. 871
HUSSEY
v.
CHATHAM COUNTY.
No. S97A2004.
Supreme Court of Georgia.
January 12, 1998.
*511 Robert Bartley Turner, Savage & Turner, Savannah, for Tom Hussey et al.
Thomas J. Mahoney, Jr., Emily Elizabeth Garrard, Savannah, for Chatham County, Georgia.
HUNSTEIN, Justice.
This case is before the Court for the second time to determine the validity of Ga. L.1994, p. 3940 et seq., an act which authorized the governing authority of Chatham County to appoint a board of tax assessors as provided by state law. Members of the joint City of Savannah and Chatham County Board of Tax Assessors filed suit against Chatham County seeking a declaration that the 1994 act was unconstitutional and requesting a permanent injunction to enjoin the county from removing the tax assessors from office. The trial court originally held that the 1994 act was void because it related back to a 1965 local act which, the trial court determined, was repealed by implication, and declared moot the constitutional challenge to the 1994 act. In the first appeal, we held there was no implied repeal of the 1965 local act and reversed and remanded to the trial court to consider the tax assessors' constitutional challenge to the 1994 act. Chatham County v. Hussey, 267 Ga. 895, 485 S.E.2d 753 (1997). On remand, the trial court issued a thorough and well-reasoned order finding the 1994 act constitutional. The assessors appeal from this order and we affirm.
1. Appellants claim the 1994 act is unconstitutional under Art. III, Sec. V, Par. III of the Georgia Constitution of 1983 because it contains matters not in the title of the act; more specifically, that the title to the 1994 act does not reference the abolition of the joint City-County Board of Tax Assessors. Art. III, Sec. V, Par. III, which provides that "[n]o bill shall pass which ... contains matter different from what is expressed in the title thereof," is intended to protect both the public and legislators against surprise or incorrectly identified legislation. See generally Camp v. Metropolitan Atlanta Rapid Transit Authority, 229 Ga. 35, 38(2), 189 S.E.2d 56 (1972). Recognizing the importance of such a provision, we have nonetheless held that it must be given a reasonable interpretation and that not every detail stated in the body of legislation must be mentioned in the caption. Rather, the body of the legislation need only definitely relate to what is expressed in the title, have a natural connection, and relate to the main object of legislation, without conflicting with the title. Frazer v. City of Albany, 245 Ga. 399, 401, 265 S.E.2d 581 (1980).
The title to the 1994 act provides that it is an act
[t]o repeal an Act carrying into effect the provisions of the constitutional amendment authorizing the General Assembly of Georgia to provide that the mayor and aldermen of the City of Savannah and Chatham County may contract for the consolidation and combining of the county and city board of tax assessors ... [and] to provide for the transfer of books, documents, records, property, powers, duties, actions, appeals, and other matters.
Ga. L.1994, p. 3940. We find the abolition of the joint City-County Board is definitely related to language in the title of the 1994 act which specifically references the repeal of that legislation authorizing the creation of the joint board. We agree with the trial court that "[i]t is not a stretch of logic to *512 infer that when legislation which created a board is specifically repealed, that board ceases to exist."
2. Appellants also allege that the abolition of the joint board violates their due process rights to notice and hearing before being denied their "right" to hold office. Even assuming, arguendo, that appellants have a property right in their appointed offices, Fulton v. Baker, 261 Ga. 710, n. 3, 410 S.E.2d 735 (1991),
[i]t is the general and well-recognized rule that the authority which possesses the power to create an office has, in the absence of some provision of law passed by a higher authority, the implied power to abolish the office it has created. [Cits.]
Rivers v. Hailey, 199 Ga. 38, 39(1), 33 S.E.2d 310 (1945). The trial court correctly recognized that
[t]he right of an incumbent to an office depends upon the law under which he holds. If the law is capable of being repealed, the right of the officer is gone. [Cits.]
City of Mountain View v. Clayton County, 242 Ga. 163, 168, 249 S.E.2d 541 (1978). The trial court did not err in finding the 1994 act to be a constitutional exercise of legislative authority.
3. Appellants contend the trial court erred in rejecting their request for attorney fees as authorized by the Chatham County Enabling Act. Appellants, however, did not assert a timely legal claim for attorney fees under the authority of the Enabling Act but, as stated in the amended complaint, based their claim for attorney fees on an assertion of bad faith under OCGA § 13-6-11. The trial court denied the statutory claim for fees in an October 16, 1996 final order from which appellants did not file a notice of appeal and declined to rule on appellants' informal request for fees under the authority of the Enabling Act which was not filed until after the final order which is the subject of this appeal. Accordingly, we are without jurisdiction to consider this enumeration of error. OCGA § 5-6-38(a); Kennedy v. Brown 239 Ga. 286(1), 236 S.E.2d 632 (1977).
Judgment affirmed.
All the Justices concur.