A08A2180. SHARPTON et al. v. HALL et al.
(674 SE2d 105)

SMITH, Presiding Judge.

In this case of first impression, we are called upon to construe OCGA § 29-9-18, governing the granting of access to sealed records of a conservatorship or guardianship. The probate court did not abuse its discretion in interpreting the statute and granting limited access to the records at issue here. We therefore affirm.

Stan L. Hall, as administrator of the estate of Raymond Sharpton, filed a petition in the Probate Court of Gwinnett County to open the guardianship records of Avolee Sharpton, an incompetent adult. As the facts were stated in the motion and at the hearing on the motion, Raymond, Avolee, and Billy J. Sharpton were siblings. Billy Sharpton was also the guardian of Avolee. As the probate court noted in its order, "the Sharpton family tradition was to execute a deed as a [w]ill substitute and to keep the deed in a safe deposit box until the death of the grantor," and deeds were executed in favor of Billy Sharpton by both Raymond and Avolee. Before his death, Raymond filed suit in Gwinnett County Superior Court to set aside the deed he executed, alleging that Billy Sharpton wrongfully recorded it instead of keeping it until Raymond's death, and that suit remains pending. Billy Sharpton also recorded a deed from Avolee, who has since also died, at approximately the same time.

Hall filed the motion to open the guardianship records of Avolee's estate, contending that Billy Sharpton may have committed a breach of fiduciary duty in recording Avolee's deed.[1] Hall represented that the premature recording of both deeds would have severe estate tax consequences, and also expressed concern that other undisclosed matters, such as a possible will, might be revealed by an inventory of the Avolee guardianship.

---

[1] At the hearing, Billy Sharpton dismissed his caveat to Raymond's will.

The probate court ruled that the ward retained a privacy interest in her medical records despite her subsequent death, but concluded that the property-related records of the guardianship "have high evidentiary value" in the pending litigation, which "will have severe tax consequences for Raymond Sharpton's estate." The court therefore retained the seal on Avolee's medical records but allowed access to certain enumerated property records of the guardianship. From this order, Billy Sharpton appeals.[2]

OCGA § 29-9-18 (b) provides in pertinent part:

> A request by other interested parties to examine the sealed records shall be by petition to the court. . . . The order allowing access shall be granted upon a finding that the public interest in granting access to the sealed records clearly outweighs the harm otherwise resulting to the privacy of the person in interest, and the court shall limit the portion of the file to which access is granted to that which is required to meet the legitimate needs of the petitioner.

The operative language is identical to that found in Uniform Superior Court Rule (USCR) 21.2 and Uniform Probate Court Rule (UPCR) 17.2, dealing with the limiting of access to court files: the court balances "the public interest" against "the harm otherwise resulting to the privacy of a person in interest." Ordinarily, the presumption is that "[a]ll court records are public and are to be available for public inspection unless public access is limited by law or by the procedure set forth below." USCR 21; UPCR 17. In those cases, the

> trial court must set forth factual findings that explain how a privacy invasion that may be suffered by a party or parties seeking to seal a record differs from the type of privacy invasion that is suffered by all parties in civil suits. Otherwise, the trial court is not justified in closing the record from public scrutiny.

(Citations and footnote omitted.) *In re Motion of the Atlanta Journal-*

---

[2] Hall's motion to dismiss the appeal is without merit, as the probate court correctly observed. No matter remains pending below in the guardianship of Avolee, which ended upon her death. A direct appeal therefore is authorized by OCGA § 5-6-34 (a) (1), and a discretionary application is not required. See *State v. Clark*, 273 Ga. App. 411, 413-414 (1) (615 SE2d 143) (2005) (appeal of order granting post-conviction DNA testing). And the production of the records does not render the matter moot because the use of the information in the pending action could be forbidden by the court.

*Constitution*, 271 Ga. 436, 438 (519 SE2d 909) (1999). While OCGA § 29-9-18 limits the access to guardianship files as contemplated in the Uniform Rules, the standard remains the same. As Billy Sharpton acknowledges in his brief, we review the probate court's weighing of these competing interests for abuse of discretion only. "The trial court judges of Georgia have been granted extremely broad discretionary and supervisory powers with regard to their courts and the records in their courts." *Atlanta Journal &c. v. Long*, 259 Ga. 23, 28 (376 SE2d 865) (1989).

The probate court did not abuse its discretion. It considered the ward's attenuated privacy interest as a result of her death, concluding that her medical records should remain sealed. It also considered the tax consequences to the Raymond Sharpton estate as well as the discovery of material of "high evidentiary value" for pending litigation in ordering that the property records of the guardianship be disclosed. See OCGA § 9-11-26 (b) (1) (material discoverable which is relevant or "appears reasonably calculated to lead to the discovery of admissible evidence"). We note, as does Hall, that the public interest in protecting incompetent adults from chicanery on the part of their guardians outweighs any potential privacy interest of the ward. See *In re Boles*, 172 Ga. App. 111, 112 (322 SE2d 319) (1984).

Billy Sharpton argues that the transactions are not sufficiently similar and that two transactions are in any event insufficient evidence of habit to be admissible evidence. However, evidentiary issues which may arise in the separate pending action to set aside Raymond's deed are not before the probate court or this court. No issues of admissibility are implicated in a decision to unseal records under OCGA § 29-9-18. The probate court did not abuse its discretion in unsealing a portion of the guardianship records, and we therefore affirm.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 20, 2009.

*James B. McGinnis*, for appellants.
*Webb, Tanner, Powell, Mertz & Wilson, Anthony O. L. Powell, James E. Carlson*, for appellees.