**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 2, 2015**

# In the Court of Appeals of Georgia

A14A1924. SCRIVEN v. STATE OF GEORGIA.

MILLER, Judge.

This appeal arises from the denial of J. S.'s unopposed petition to examine her sealed adoption records pursuant to OCGA § 19-8-23. J. S. appeals, contending that the superior court abused its discretion in denying her petition because she showed good cause to examine the records. For the reasons that follow, we find that the superior court abused its discretion in this case and reverse.

Trial court judges have broad discretionary powers with regard to the records of their courts, and this Court will not reverse the grant or denial of a petition to examine sealed records absent an abuse of that discretion. See *Sharpton v. Hall*, 296 Ga. App. 251, 253 (674 SE2d 105) (2009) (affirming grant of limited access to sealed guardianship records).

Here, the record shows that J. S., along with E. G. and S. G., her presumed brothers, filed a verified petition seeking to examine J. S.'s sealed adoption records. In the petition and supporting affidavit, J. S. averred that she was 65 years old, her biological parents had likely passed away, the Georgia Adoption Registry had notified the parties that they were genetically related, and the parties were seeking the information contained in the sealed records, in part, for medical reasons, because S. G. had a hereditary form of cancer.[1] The Department of Human Services ("DHS") filed a response to J. S.'s petition, stating that it had no objection to the release of the adoption records to J. S.[2] The superior court nevertheless denied J. S.'s petition, finding that she had not shown good cause to unseal her adoption records.[3]

J. S. contends that she provided a substantial basis for finding good cause based upon her petition and supporting affidavit, and that the trial court abused its discretion in finding otherwise. We agree.

[1] J. S. and S. G. also filed subsequent motions to unseal J. S.'s adoption file so that they could have complete copies. S. G., who subsequently died, filed the petition and motion by and through his personal representative.

[2] DHS objected to the release of J. S.'s adoption records to E. G. and S. G. E. G. and S. G. are not parties to this appeal.

[3] The trial court held a hearing in chambers in this case which was not transcribed.

With regard to sealed adoption records, OCGA § 19-8-23 (a) provides that such records

> may be examined by the parties at interest in the adoption and their attorneys when, after written petition has been presented to the court having jurisdiction and after the department and the appropriate child-placing agency have received at least 30 days' prior written notice of the filing of such petition, the matter has come on before the court in chambers and, good cause having been shown to the court, the court has entered an order permitting such examination.

The adoption records statute further provides that an adopted person who has reached the age of 21 years may petition the superior court seeking the release of the identity of her biological parents. OCGA § 19-8-23 (f) (4) (D) (ii). The petition shall be granted if the biological parent has refused to consent, or the department or placement agency has made diligent but unsuccessful efforts to locate each biological parent, and the "failure to release the identity of each biological parent would have an adverse impact upon the physical, mental, or emotional health of the adopted person." OCGA § 19-8-23 (f) (4) (D) (ii). The statute also provides for disclosure of the name and burial place of a deceased biological parent without the necessity of obtaining a court order. OCGA § 19-8-23 (f) (4) (D) (iii).

3

What constitutes "good cause" to examine sealed adoption records is not defined by statute. Consequently, the term "good cause" is a factual question which must be judged according to the particular circumstances of the case. See *In re G. E. C.*, 269 Ga. 744, 745 (2) (506 SE2d 843) (1998). Here, based on the undisputed circumstances of this case, J. S. has clearly demonstrated good cause to examine her adoption records.

Notably, J. S. has shown that the parties to the petition are genetically related, her biological parents are likely deceased, and one of her presumed biological brothers died from hereditary cancer. Moreover, J. S.'s petition was unopposed. J. S. is entitled to the release of information regarding her biological parents if they are deceased, if they cannot be located or if they did not consent to the release of information, because she has shown, without objection, that the failure to release their identifies would adversely impact her physical health. See OCGA § 19-8-23 (f) (4) (D) (ii) - (iii). Under these particular circumstances, the superior court abused its discretion in denying J. S.'s petition for access to her sealed adoption records.

*Judgment reversed. Doyle, P. J., and Dillard, J., concur.*